UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
Maxon Auto Enterprises, Inc. d/b/a Maxon Mazda, NYLSI Inc.
d/b/a Sunrise Toyota, Tarrytown Honda, Biener Auto Group, Inc.
d/b/a Biener Audi, Crestview Cadillac Corp., d/b/a
Crest Cadillac, County Line Buick-Nissan, Inc., County Line
Carriage Inc. d/b/a Auto Jocks, Perrine's Pontiac Inc.
d/b/a Perrine Auto Group, Tenafly Auto Mall Inc. d/b/a Tenafly Kia,
Chilson Subaru, Townsend Bros. Inc d/b/a Townsend Brothers
Chevrolet, Moore Family of Dealerships, B.C.T. Imports, Inc. d/b/a
Toyota Universe, United Galaxy Inc. d/b/a Tri-
County Lexus, Universal Global, Inc. d/b/a Metro Honda,
M.T. Imports, Inc. d/b/a Galaxy Toyota, Mack Auto Imports, Inc.
d/b/a Honda Universe,  Mack Auto Imports, Inc. d/b/a Honda of
Toms River, Ron Bouchard's Auto Sales, Inc., RB Automotive Group, Inc.
d/b/a Acura of Auburn, JMK East LLC d/b/a JMK Saab-Fiat,
JMK Auto Sales Inc. d/b/a JMK BMW,
Northtown Toyota Scion, Northtown Hyundai Subaru, Northtown
Mazda KIA, Northtown Chrysler Jeep Dodge, Northtown Lexus,
Northtown Volvo Porsche Land Rover of Buffalo, Bill Kolb Jr. Subaru,
Inc., Gault Chevrolet, Gault Toyota, Gault Auto Sport BMW, Gault
Volkswagen, Miller Motor Car Corporation, Sutton Ford Inc.
d/b/a Sutton Ford Lincoln Waco Dodge, Inc. d/b/a Waco Hyundai,
21st Century Auto Group, Chilson's Corner Motors of Cadott, LLC,
Metro Chrysler Plymouth Inc., Habberstad Motorsport, Inc.
d/b/a Habberstad BMW of Huntington, Fairfield Motors, Inc.
d/b/a Route 23 Honda, Masterz Automotive Intl Inc. d/b/a Master Cars USA,
Salerno * Duane Infiniti d/b/a Infiniti of Denville, Jim Salerno Pontiac
Buick GMC Truck, Inc. d/b/a Jim Salerno Buick GMC Truck, Salerno
Duane Inc. d/b/a Salerno Duane Chrysler Jeep Dodge,
Route 18 Auto Group LLC d/b/a Route 18 Chrysler Jeep Dodge,
Outten Buick-Pontiac, Inc. d/b/a Outten Chevrolet of Hamburg,
Outten Motors, LLC d/b/a Outten Chrysler Dodge Jeep Ram,
Outten Automotive, Inc. d/b/a Outten Kia, W.S. Healey Chevrolet Buick, Inc.,
Healey Chevrolet, Inc., Healey Hyundai, Inc., Healey Ford Lincoln, LLC,
Healey Used Car Outlet LLC d/b/a Healey KIA ,
Healey Chrysler Dodge Jeep LLC, Healey Automotive LLC
d/b/a Healey Mitsubishi, Harden Motor Car Corp. d/b/a Mohawk Honda,
Star Hyundai LLC, Bayside Chrysler Jeep, Inc., Yellowstone Country Motors,
Tirrico, Inc. d/b/a/ Planet Honda, Sovereign Motor Cars LTD,
Bellavia Buick, Inc., Arnold Chevrolet, LLC, Thomas Dodge Corp.
D/B/A Cash for Cars, Durand Toyota-Ford, Outten Chevrolet, Inc.,
W R Thomas Inc, d/b/a Direct Auto Plaza, Cardinal Honda,
Heinrich Chevrolet Corp., North Bay Cadillac Co. Inc. d/b/a North Bay
Cadillac Buick GMC, Hempstead Auto Co. Inc. d/b/a Jaguar of Great Neck,

13-CV-2680 (AJN)

**SECOND
AMENDED
COMPLAINT**

Heritage Jaguar of Freeport, Inc., Great Neck Suzuki, Manfredi
Motors Inc. d/b/a SI Toyota, Schumacher Auto Group, Schumacher Automotive,
Manfredi Chevrolet, Dartmouth Nissan, Inc. d/b/a Nissan World of Dartmouth, Denville Nissan
Inc. d/b/a Nissan World of Denville, Nissan World of Red Bank, LLC, Nissan World LLC d/b/a
Nissan World of Springfield, P.A.C Automotive LLC d/b/a Toyota World of Lakewood, Sussex
County Imports LLC d/b/a Toyota World of Newton, Hampton Imports LLC d/b/a Subaru World
of Newton, LCJ Inc., The Dorschel Group d/b/a Dorschel Lexus, Infiniti, Nissan,Volkswagen,
Saab d/b/a Dorschel Resale Center, The Dorschel Group
d/b/a Dorschel Toyota, The Dorschel Group d/b/a Dorschel KIA, DGM,
LLC d/b/a MINI of Rochester, Car Pros Kia of Tacoma, Concours Motors Inc., d/b/a Concours
Motors, Concours Motors Inc., d/b/a Concours Motors, Concours Motors Inc. d/b/a Concours
BMW, North Shore Chevrolet LLC d/b/a Chevrolet of Smithtown, Space Coast Auto Group,
Inc., Chrysler of Culpeper, B&Z Auto Enterprises LLC d/b/a Eastchester Chrysler Jeep Dodge,
B&Z Auto Enterprises LLC d/b/a Riverdale Chrysler Jeep Dodge,
Teterboro Chrysler Jeep, Inc., Jim Salerno Pontiac Buick GMC Truck, Inc., Open Road of
Mendham, LLC d/b/a Audi Mendham d/b/a Audi Bernardsville, Port Jeff Chrysler Jeep, Inc.,
Gerry Wood Automotive LLC d/b/a Gerry Wood Honda, Gerry Wood Automotive LLC d/b/a
Gerry Wood Chrysler Dodge Jeep Ram, Gerry Wood Automotive LLC d/b/a Gerry Wood Kia,
Donohoo Auto, LLC, Elk Grove Toyota, Elk Grove Kia, Hanford Toyota, Hanford Hyundai,
Nissan Sales Corp., Tustin Buick GMC Inc., Classic Chevrolet, Inc., Classic Autoplex Gavelston
d/b/a Classic Autoplex F LLC Classic Autoplex GM LLC Classic Autoplex T-F LLC Classic
Autoplex H LLC, 3925 Partners Ltd. d/b/a Mike Brown Ford Mike Brown Chrysler Dodge Jeep
Mike Brown Hyundai, Classic Buick GMC Ltd., Classic Buick GMC of Carrollton, LLC, Classic
Chevrolet, Buick, GMC, Inc., Stingray Chevrolet, Stingray Chevrolet Bartlow LLC, 4984
Partners Ltd. d/b/a Classic Chrysler Dodge Jeep Mazda, Classic Chevrolet Sugar Land LLC,
Riverhead Auto Mall, Ltd. d/b/a Riverhead Hyundai d/b/a Riverhead Nissan, Heinrich Chevrolet
Corp., Curry Chevrolet Sales & Service, Inc. d/b/a Curry Chevrolet, Curry Motor Cars LLC
d/b/a Curry Chevrolet, Curry Automotive LLC d/b/a Curry Honda, Curry Cars LLC d/b/a Curry
Honda, Linear Motors LLC d/b/a Curry Hyundai-Subaru, Lyford Motors LLC d/b/a Curry
Toyota, Performance Motors LLC d/b/a Curry Nissan, BFC 3 LLC d/b/a Curry Honda, Curry
Auto LLC d/b/a Curry Acura, Rallye Automotive LLC d/b/a Curry Nissan, Morehead Auto
Sales, Inc. d/b/a Morehead Honda, A&H Motors d/b/a Monster Auto Group, Scap Auto Group,
Paul Conte Cadillac, Inc., White Plains Chrysler Jeep, HB Chevrolet, Freedom Ford, Inc., Lash
Auto Group LLC d/b/a Lash Volkswagen of White Plains, Hassett Lincoln Mercury Sales, Inc.
d/b/a Hasset of Wantagh, Fogg's Auto Sales, Inc., 86th Street Chevrolet, Inc., Rensselaer Auto
Plaza, Inc. d/b/a Rensselaer Honda, Scotia Motors, Inc., Sam Scism Motors, Inc., Autoworld
Kia, Chevrolet of Jersey City, King O'Rourke Cadillac Buick-GMC LLC, D&C Chevrolet Co.
d/b/a Honda of Tenafly, Corvettes of Florida, Inc. d/b/a Toy Store, Imports & More, Inc., Barry's
Auto Center, Inc., Union Pontiac-GMC, Inc. d/b/a Union Buick GMC, The Parsons Buick
Company, Schaller, Inc. d/b/a Schaller Acura, Farrell Motors, Inc. d/b/a Farrell Volvo, Central
Avenue Chrysler Jeep Dodge, Anderson of Hunt Valley, LLC, Anderson Motors LLC, Anderson
Automotive Group, Inc., Stoler Gold Coast, Inc. d/b/a BMW of Oyster Bay, Stoler of Westbury,
Inc. d/b/a Westbury Toyota, Len Stoler Inc. d/b/a Lexus of Towson, Len Stoler Inc. d/b/a Len
Stoler Ford, Len Stoler Inc. d/b/a Len Stoler Hyundai, Len Stoler Inc. d/b/a Len Stoler
Porsche/Audi, Len Stoler Inc. d/b/a Len Stoler Lexus, Len Stoler Inc. d/b/a Len Stoler Nissan,
Len Stoler Inc. d/b/a Len Stoler Jeep Chrysler Dodge, Len Stoler Inc. d/b/a Len Stoler Chevrolet,
Smithtown Toyota, Curry Imports Inc. d/b/a Torrington Honda, Townson Automotive, Inc. d/b/a
BMW of Towson, Towson Automotive, Inc. d/b/a BMW of Bel Air, Towson Automotive, Inc.

d/b/a Mini of Baltimore County, Rockville Cars, LLC, Rossi Chevrolet Buick GMC, Inc., Community Honda, Northstar Chevrolet, Inc., Frangie Motors Inc. d/b/a Toyota San Luis Obispo, Haldeman Ford of Highstown, LLC, Haldeman Ford, Inc. d/b/a Haldeman Ford/Subaru, Haldeman Nissan, Inc., Lawrence Automotive Inc. d/b/a Lawrence Lexus, Twin Pine Auto Group, Inc., McGrath Nissan, Inc., Greenwich Automotive Enterprises, Ltd. d/b/a Jeep Chrysler Dodge City, GAE LLC d/b/a Nissan City, Cascade Auto Group, Ltd., Mel Rapton Honda, Inc., Vera-Williams Investments, Inc. d/b/a Vera Cadillac Buick GMC, Matthews Kia Mazda Subaru, Plaintiff JBA Automotive LLC d/b/a JBA Infiniti, Gladding Chevrolet Inc. d/b/a JBA Chevrolet, Columbia Automotive Inc. d/b/a Columbia Hyundai Acura, Camargo Cadillac Company, Joseph Chevrolet Company, Joseph Northland Motors Inc. d/b/a The Audi Connection, Joseph Northland Motors Inc. d/b/a Porsche of Kings Automall, Montgomery Chevrolet Company d/b/a Columbia Chevrolet, Infiniti of Cincinnati, Inc., Joseph T of C, Co. d/b/a Joseph Toyota of Cincinnati, Joseph Buick GMC Truck Inc. d/b/a Joseph Buick GMC, Joseph T of D Co. d/b/a Joseph Airport Toyota, Joseph H of D LLC d/b/a Joseph Airport Hyundai, Hummer of Columbus LLC d/b/a Capitol Cadillac, Joseph Cadillac Saab Subaru LLC d/b/a Joseph Cadillac Subaru, Williamson Cadillac Company d/b/a Williamson Cadillac, Magic City Motor Corp. d/b/a Magic City Ford, Fleet Lease Network Inc., Sarant Cadillac Corp., Carter Chevrolet Co., DePaula Chevrolet, Inc., Team Precision Auto LLC d/b/a Precision Chrysler Jeep Dodge Ram, Butler Chrysler Jeep Dodge Inc., M&S of Pawling, Inc. d/b/a M&S of Pawling Chevrolet Buick Cadillac, Community Chevrolet Inc., Clay Chevrolet Inc., Clay Corporation d/b/a Clay Nissan, Clay Nissan of Newton, Inc., Norwood Subaru, Inc., Robert Chevrolet, Inc., City Motors LLC d/b/a BMW of the Main Line, City Motors LLC d/b/a Mini of the Main Line, Galesburg Nissan, Corp., AMR Auto Holdings – AC, LLC d/b/a Prime Acura, AMR Auto Holdings – ACII LLC d/b/a Prime Acura North, AMR Auto Holdings – BG, LLC d/b/a Prime Buick GMC, AMR Auto Holdings – HD, LLC d/b/a Prime Hyundai South, AMR Auto Holdings – HN, LLC d/b/a Prime Honda, AMR Auto Holdings – KH, LLC d/b/a Kia of Cape Cod, AMR Auto Holdings – MH, LLC d/b/a Prime Pre-Owned Center, AMR Auto Holdings – MW, LLC d/b/a Mercedes Benz of Westwood, AMR Auto Holdings – PA, LLC d/b/a Audi Westwood d/b/a Porsche of Westwood, AMR Auto Holdings – TH, LLC d/b/a Hyannis Toyota, AMR Auto Holdings – TO, LLC d/b/a Orleans Toyota, AMR Auto Holdings – TY, LLC d/b/a Prime Toyota Boston, Prime Infiniti Inc. d/b/a Prime Infiniti, Lupo LLC d/b/a Prime Toyota Scion, Saco Auto Holdings – FLMM, LLC d/b/a Prime Ford d/b/a Prime Mazda, Saco Auto Holdings – HN, LLC d/b/a Prime Honda Saco, Saco Auto Holdings – VW, LLC d/b/a Prime Volkswagen, Sawdran LLC d/b/a Prime Motor Cars, Staretz LLC d/b/a Prime Hyundai, Jack Ingram Motors, Inc., Acton Toyota of Littleton, Yonkers Auto Outlet d/b/a Yonkers Automall, Central Avenue Nissan, Inc., Stuart Conklin Buick Inc. d/b/a Conklin Cars Hutchinson, Conklin Cars Newton LLC d/b/a Conklin Cars Newton, Conklin Cars Salina LLC d/b/a Conklin Cars Salina, Conklin Fangman Kansas City LLC d/b/a Conklin Fangman Kansas City, Thirteen Twenty LLC d/b/a Tate Branch Auto Plex, Thirteen Twenty LLC d/b/a Tate Branch Dodge Chrysler Jeep Ram, Thirteen Twenty LLC d/b/a Tate Branch Dodge Chrysler Jeep Ram, Shaker Valley Auto & Tire Inc. d/b/a Shaker Valley Auto & Tire, Western Motors, Inc. d/b/a Western Motor Company, Cars Unlimited of Suffolk, LLC, Axelrod Chrysler Inc. d/b/a Axelrod Autos, Inc., Route 59 Automobile LLC d/b/a Rockland Hyundai, Jeffrey Automotive Group, Inc., Tamaroff Motors, Inc. d/b/a Tamaroff Honda – Nissan, Treasure Coast Imports, Inc. d/b/a Vero US 1 Nissan, Treasure Coast Imports, Inc. d/b/a Route 60 Hyundai, Sudbay Chrysler Dodge, Inc., Sudbay Chevrolet-Buick-Cadillac-GMC, Inc., Axelrod Pontiac-Buick LLC d/b/a Axelrod Buick GMC, The Arlington Automotive Group, Inc. d/b/a Arlington Toyota, Adjess Motors LLC d/b/a Route 46 Chevrolet, Price Simms, Inc. d/b/a Toyota Sunnyvale, Price Cars SR LLC d/b/a Toyota Marin, Price Simms Ford, LLC

3

d/b/a Ford Lincoln of Fairfield, Grand Prix Jeep Chrysler LLC d/b/a Grand Prix Subaru, Westbury Jeep Chrysler Dodge, Inc., Garden City Jeep Chrysler Dodge, LLC, Levittown Ford LLC, Willaim T. Pritchard, Inc. d/b/a Pritchard Automotive, Habberstad Nissan, Inc., Habberstad Volkswagen, Inc., Bob Bell Ford, Bob Bell Chevrolet-Nissan, Inc. d/b/a bob Bell Nissan, Bob Bell Chevrolet-Nissan, Inc. d/b/a Bob Bell Chevrolet of Baltimore, Bob Bell Chevrolet of Bel Air, Inc., Huntington Jeep Chrysler Inc., Huntington Hyundai, Inc., Yonkers Auto Outlet Inc. d/b/a Yonkers Kia, Hoehn Motors Inc. d/b/a Hoehn Motors, Hoehn Motors Inc. d/b/a Hoehn Acura, Hoehn Motors Inc. d/b/a Hoehn Audi, Hoehn Motors, Inc. d/b/a Hoehn Porsche, Hoehn Motors Inc. d/b/a Hoehn Infiniti, The Hoehn Company, Inc. d/b/a Hoehn Honda, Hoehn JLR Inc. d/b/a Jaguar Land Rover Carlsbad, Hoehn Buick GMC Cadillac, Inc. d/b/a Hoehn Buick GMC Cadillac, Hyundai of White Plains LLC, Durand Chevrolet, Inc., Diehl Automotive of Robinson, Inc., L.T. Begnal Motor Company, Inc., Wayne Motors, Inc., Manfredi Auto LLC d/b/a Manfredi Mitsubishi, Manfredi Motors, Inc. d/b/a Manfredi Kia, Manfredi Cadillac, Inc. d/b/a Manfredi Hyundai, Manfredi Chrysler Jeep & Dodge, LLC, SI Safe Auto, LLC d/b/a Manfredi Mazda, Major World Chevrolet, LLC, Bronx Ford, Inc. d/b/a City World Ford, City World Motors, LLC d/b/a City World Toyota Scion, R&M Marketing Inc. d/b/a Maaliki Motors, Hillside Auto Mall, Inc., Bergrstom Chevrolet-Cadillac-Buick-GMC Truck, Inc. d/b/a Bergstrom Neenah GM, Bergstrom Chevrolet-Cadillac, Inc. d/b/a Appleton Chevrolet Cadillac, Bergstrom Buick-GMC Truck, Inc. d/b/a Appleton Buick GMC, Bergstrom Chevrolet-Cadillac-Buick-GMC Truck, Inc. d/b/a Bergstrom Oshkosh GM, Bergstrom Chevrolet of Milwaukee, Inc., Bergstrom Cadillac, Inc. d/b/a Madison Cadillac, Bergstrom Cadillac of Green Bay, Inc. d/b/a Bergstrom Cadillac GMC of Green Bay, Bergstrom Kaukauna, Inc. db/a/ Berstrom Kaukauna, Bergstrom Ford-Lincoln of Neenah, Inc. d/b/a Bergstrom Ford Neenah, Bergstrom Ford of Oshkosh, Inc. d/b/a Bergstrom Ford of Oshkosh, Bergstrom Luxury Imports of the Fox Valley, Inc. d/b/a Appleton Lexus, Bergstrom Premier Motorcars, Inc. d/b/a Bergstrom Premier Land Rover Jaguar Volvo Saab, Enterprise Motorcars, Inc. d/b/a Enterprise Motorcars BMW Mercedes Benz, Bergstrom Victory Lane, Inc. d/b/a Mini of Fox Valley, Bergstrom Converters Drive, Inc. d/b/a Bergstrom Acura of Appleton, Victory Lane Imports, Inc. d/b/a Bergstrom Imports on Victory Lane Audi VW Mazda Mitsubishi Hyundai, Victory Lane Imports, Inc. d/b/a Bergstrom Nissan of Appleton, Bergstrom of the Fox Valley, Inc. d/b/a Bergstrom Honda Subaru of Oshkosh, Bergstrom of the Fox Valley, Inc. d/b/a Bergstrom Nissan of Oshkosh, Bergstrom Imports, Inc. d/b/a Bergstrom Toyota Scion, Beck Automotive Group, Lyle's Auto LLC, Cold Brook Auto, Inc. d/b/a Cold Brook Saab, Imports Service Center, Inc. d/b/a Garry Small Saab, Garcia Asia-Pacific Motors LLC d/b/a Garcia Kia, Garcia Asia-Pacific Motors LLC d/b/a Cottonwood Kia, Garcia Imported Cars LLC d/b/a Garcia Subaru, Garcia Imports Inc. d/b/a Garcia Honda, Garcia Motorcars LLC d/b/a Uptown Volkswagen, Pruitt Ford LLC, Howard Wilson Chrysler Jeep, Inc. d/b/a Howard Wilson Chrysler Jeep, Richard Lundgren Inc. d/b/a Lundgren Honda of Auburn, Port Motors Lincoln Mercury, Inc., Best Auto Outlet, Inc., Baron Nissan, Inc., Sunrise Auto Mall Inc. d/b/a Baron Auto Outlet, Port Motors, Incorporated, Poquoson Motors, Inc. d/b/a Pomoco Chrysler Dodge Jeep Ram of Hampton, Coliseum Lincoln Mercury, Inc. d/b/a Pomoco Nissan, Merrimac Motors, Inc. d/b/a Pomoco Chrysler Dodge Jeep Ram of Newport News, NextMotors Corporation d/b/a CK Enterprises Oakland Mitsubishi, AutoBranch South FL Inc., Dick DeVoe Buick-Cadillac Inc. d/b/a DeVoe Buick GMC Subaru, Dick DeVoe Buick-Cadillac Inc. d/b/a DeVoe Cadillac, Crossroads Ford Lincoln, Inc., Paul Miller Performance LLC d/b/a Paul Miller BMW, Paul Miller AWD LLC d/b/a Paul Miller Subaru, Paul Miller Motors LLC d/b/a Paul Miller Honda of West Caldwell, Paul Miller Sportscars Inc. d/b/a Paul Miller Porsche, Paul Miller Bernardsville LLC. d/b/a Paul Miller Volkswagen, Paul Miller Inc. d/b/a Paul Miller Audi, Land Rover of Parsippany Inc. d/b/a

Land Rover of Parsippany, Paul Miller GT Inc. d/b/a Bentley Parsippany d/b/a Paul Miller Rolls-Royce, R. Santilli Automotive Group Inc. d/b/a Village Saab, Santilli Enterprises Inc. d/b/a Village Subaru. Brentlinger Enterprises d/b/a MAG Audi, Midwestern Auto Group, Brentlinger Enterprises d/b/a MAG BMW d/b/a MAG Mini, Brentlinger Enterprises d/b/a MAG Ferrari d/b/a MAG Maserati, Brentlinger Enterprises d/b/a Land Rover Dublin, Baron Auto Maxx, Inc. d/b/a Baron Honda, DTC Corp. d/b/a Car Vision, ADA Motors Inc. d/b/a Burien Toyota Scion, Burien Chevrolet Inc., Ralph Automotive, Inc. d/b/a Ralph Honda, Champaign Motors Inc. d/b/a Champaign Chrysler Dodge Jeep Ram, Taylor Chrysler Dodge Inc. d/b/a Taylor Chrysler Dodge Jeep Ram, E.M. Rinehart Inc. d/b/a Gray Chrysler Dodge Jeep Ram, Rine Motors Inc. d/b/a Gray Chevrolet Cadillac, Pleasant Valley Motors Inc., Multi Chevrolet, Inc., Multi Subaru LLC, Dijos Inc., Plaza Motors of Brooklyn, Inc. d/b/a Plaza Honda d/b/a Plaza Hyundai, Plaza Oldsmobile LTD d/b/a Plaza Toyota, Crystal Bay Imports, LTD d/b/a Acura of Brooklyn, Balise C, LLC d/b/a Balise Chevrolet of Warwick, Balise Mtor Sales Company d/b/a Balise Chevrolet Buick GMC, Ford of Hyannis, Inc. d/b/a Balise Ford of Hyannis, Balise FOW, Inc. d/b/a Balise Ford of Wilbraham, Balise Motor Sales Company d/b/a Balise Honda, Cape Hy, Inc. d/b/a Balise Hyundai of Cape Cod, Balise Hy, Inc. d/b/a Balise Hyundai, BLS, Inc. d/b/a Balise Lexus, Balise Motor Sales Company d/b/a Balise Mazda, R&J Nissan, LLC d/b/a Balise Nissan of Cape Cod, Balise N, LLC d/b/a Balise Nissan, Balise JRN, Inc. d/b/a Jerry Rome Nissan, Balise Subaru Inc. d/b/a Balise Subaru, Balise T, LLC d/b/a Balise Toyota of Warwick, BTLS, Inc. d/b/a Balise Toyota, Balise V, Inc. d/b/a Balise Volkswagen, R&J Nissan, LLC d/b/a Balise Ready Credit Used Cars, Balise Motor Sales Company d/b/a Ready Credit Used Cars, Dralle Chevrolet & Buick, Inc., Dralle Chevrolet Buick Cadillac GMC, Inc., Ontario Nissan Inc. d/b/a Metro Nissan of Montclair, Nissan of Fontana Inc. d/b/a Nissan of San Bernardino, Redlands Automotive Services Inc. d/b/a Metro Nissan of Redlands, Dutchess Cars LLC d/b/a Friendly Honda, Automotive Avenues, LLC, Phoenix Motor Company, Mercedes Benz of Arrowhead, Adee Motor Cars, LLC d/b/a Middletown Honda, DeNooyer Chevrolet, Inc., Martens Chevrolet, Inc. d/b/a Martens Chevrolet, Thomas Sales & Service, Inc., d/b/a Subaru of Bend, N &H Motors, Inc. d/b/a West Coast Auto Sales, Transit LLC d/b/a Maple Hill VW Audi, Transit LLC d/b/a Maple Hill Hyundai Subaru Volvo, Sawyer Chrysler Dodge, Inc. d/b/a Sawyer Motors, Carson Automotive Inc. d/b/a Carson Jeep Nissan/Carson Jeep/Carson City Nissan, Tims Truck Capital & Auto Sales Inc., Landmark Dodge Chrysler Jeep, LLC, Archer Volkswagen, Inc., Archer Financial Holdings Inc. d/b/a Jim Archer Chrysler Jeep, Archer Dodge, Inc., Archer Chrysler Plymouth Inc. d/b/a Archer Chrysler Plymouth/Archer Chrysler Jeep, Archer Jeep West Inc., Archer Kia, Northside Ford Truck Sales Inc., Henry Valencia Inc. d/b/a Henry Valencia Chevrolet Buick GMC, Reydel Volkswagen, Inc., FSW, Inc. d/b/a Frederick Chevrolet Cadillac Inc., FSW, Inc. d/b/a Frederick Toyota, FSW, Inc. d/b/a Lancaster Pre-Owned, FSW, Inc d/b/a Certified Pre-Owned of Hershey, Frederick Chevrolet Cadillac, Inc. d/b/a Frederick Chevrolet on the Boulevard, BDF Acquisitions of New Mexico d/b/a Furry's Buick GMC, Howard Auto Group, Inc. d/b/a Howard Buick GMC, J.O. Stevenson Inc. d/b/a Stevenson Hyundai, Morris Auto Plaza, Inc., Krusemark Automotive Inc. d/b/a Valu Ford, Valu Chrysler, Valu Ford and Chrysler, Kim Cesare Sales, Inc., Alfredo's Foreign Cars d/b/a Larchmont Chrysler Jeep Dodge, Beaver Motors, Inc. d/b/a Beaver Toyota of Sante Fe, J.O. Stevenson, Inc. d/b/a Stevenson Hyundai, J.O. Stevenson, Inc. d/b/a Stevenson Kia, John O'Rion Stevenson, Inc. d/b/a Stevenson Chevrolet, J.O.S. & Associates, Inc. d/b/a Stevenson Kia, J.O.S. Stevenson & Associates, Inc. d/b/a Stevenson Mazda, J.O.S., Inc. d/b/a Stevenson Honda, John O. Stevenson, Inc. d/b/a Stevenson Toyota, JSBP, Inc. d/b/a Stevenson Mazda, Stevenson & Assoc., Inc. d/b/a Stevenson Honda of Goldsboro, Stevenson Cars, Inc. d/b/a Stevenson Acura, The Symposium Group, LLC d/b/a Stevensondirect.com,

Plaintiffs,

-against-

CARFAX, INC., a Pennsylvania Corporation,

Defendant.

-----------------------------------------------------------------------------X

Plaintiffs, by their attorneys, Bellavia Blatt Andron & Crossett, PC, complaining of Defendant Carfax, Inc. ("Defendant" or "Carfax"), allege as follows:

## PRELIMINARY STATEMENT

Plaintiffs are hundreds of auto and light truck dealers located throughout the United States.  Defendant Carfax is a monopolist in the sale of Vehicle History Reports ("VHRs") on used auto and light trucks in the United States, with a 90 percent market share. As set forth herein, Carfax has unlawfully acquired and maintained its market power in VHRs through an anticompetitive scheme involving exclusivity agreements with numerous major players in the auto industry. Through the exclusive agreements that are part of this scheme, Carfax requires the Plaintiff auto dealers to purchase Carfax VHRs on every used car sold in 37 of 40 Certified Pre-Owned ("CPO") auto sales programs of domestic and foreign-based auto manufacturers, and every used car that Plaintiff auto dealers list for sale on the two largest websites providing classified used automotive listings, Autotrader.com and Cars.com. By contractually committing these two websites to include hyperlinks to Carfax VHRs and to exclude VHRs of any other provider, Carfax has stigmatized any listing without such a link in the eyes of consumers who infer that the absence means that the car has a blemished history. As a result of these exclusivity agreements, therefore, the Plaintiff auto dealers are effectively compelled to purchase Carfax

VHRs for their used car inventory and supply them to persons shopping for used cars, despite the fact that other suppliers of VHRs offer more reliable VHRs at substantially lower prices than those charged by Carfax.

The purchase of VHRs represents a substantial operating expense for the Plaintiff auto dealers, ranging from about $10,000 per year for smaller auto dealers, to multiple tens of thousands of dollars per year for larger auto dealers. As set forth herein, Carfax's anticompetitive scheme of exclusivity agreements has thwarted competition in the market for publication and sale of VHRs in the United States, diminished the quality of VHRs, reduced the output of higher quality VHRs, artificially increased  prices, including the price of Carfax's VHRs, and caused harm to consumers. In a free and competitive market for VHRs, where auto dealers were not compelled to purchase Carfax VHRs at prices inflated by the antitrust violations alleged herein, Plaintiff auto dealers would have the unfettered opportunity to purchase VHRs of superior reliability from alternative suppliers at competitive prices and Carfax would have been compelled by competitive forces to reduce its VHR prices. Carfax also utilizes its inflated revenues to disparage and falsely malign dealers in order to mislead consumers into believing its VHRs are necessary and accurate. A free and competitive market for VHRs unrestrained by Carfax's anticompetitive scheme would also provide great benefit to consumers, who would find enhanced availability of more reliable VHRs. Given the foregoing, Plaintiffs bring these claims, seeking injunctive relief from Carfax's anticompetitive scheme in violation of the antitrust laws, and to recover damages they have incurred by having to pay more for VHRs than they would have paid in a free and competitive market.

## I. <u>NATURE OF THE ACTION</u>

1.      This is an action under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Section 3 of the Clayton Act, 15 U.S.C. § 14, wherein Plaintiffs seek treble damages, attorney's fees and costs, and injunctive relief, for Defendant's violations of the federal antitrust laws.

## II.      JURISDICTION, VENUE AND INTERSTATE COMMERCE

2.      This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to Sections 4(a) and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26, and 28 U.S.C. §§ 1331 and 1337(a).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial number of the transactions giving rise to Plaintiffs' claims and damages arise in this District, and pursuant to 15 U.S.C. § 22, because Defendant transacts business in this District. Personal jurisdiction over Defendant has been established pursuant to 15 U.S.C. § 22 by personal service of process in the District in which Defendant is an inhabitant or may be found.

4.      Defendant is in the business, inter alia, of providing vehicle history information, both at wholesale and retail, to potential buyers and sellers of pre-owned or "used" autos and light trucks, persons in the business of financing sales and leases of used autos and light trucks (i.e., banks and finance companies), and persons in the business of insuring owners and lessees of used autos and light trucks.

5.      Defendant offers Vehicle History Reports ("VHRs"), which are routinely printed from computer work stations at automobile dealerships and provided in printed form to persons shopping for used cars. VHRs contain information on title information, flood damage history, total loss accident history, odometer readings, lemon history, number of owners, accident indicators, state emissions inspection results,    service records, and vehicle use.

6.    Defendant assembles such information in large computerized databases and sells VHRs via (a) a nationwide and international sales force of its employees, (b) nationwide and international advertising and media, and (c) an elaborate Internet website (www.carfax.com). Defendant makes its VHRs readily accessible for distribution in printed form to persons shopping for used cars, by creating VHRs in .pdf format, a common computer file format for documents intended to be printed without alteration.

7.    Defendant's business of publishing and selling VHRs, and its antitrust violations more fully described herein below, substantially and directly affects the flow of interstate commerce.

### III. THE PARTIES

8.    Plaintiffs are auto and light truck dealers, engaged, inter alia, in the business of buying and selling used autos and light trucks. The purchase of VHRs for used autos and light trucks acquired and sold in Plaintiffs' businesses and the furnishing of VHRs to potential buyers of used autos and light trucks in Plaintiffs' vehicle inventory is an indispensable part of, and represents a significant cost component of, Plaintiffs' used auto and light truck business.

9.    Plaintiff Maxon Auto Enterprises, Inc. d/b/a Maxon Mazda is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 2329 Route 22 W, Union, New Jersey, 07083, engaged in the business of buying and selling used autos and light trucks.

10.    Plaintiff NYLSI Inc. d/b/a Sunrise Toyota is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3984 Sunrise Highway, Oakdale, New York 11769, engaged in the business of buying and selling used autos and light trucks.

9

11.     Plaintiff Tarrytown Honda is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 480 South Broadway, Tarrytown, New York, 10591, engaged in the business of buying and selling used autos and light trucks.

12.     Plaintiff Biener Auto Group, Inc. d/b/a Biener Audi is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 795 Northern Blvd., Great Neck, New York, 11021, engaged in the business of buying and selling used autos and light trucks.

13.     Plaintiff Crestview Cadillac Corp. d/b/a Crest Cadillac is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 717 West Genesee Street, Syracuse, New York, 13204, engaged in the business of buying and selling used autos and light trucks.

14.     Plaintiff County Line Buick-Nissan, Inc. is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 2191 Straits Turnpike, Middlebury, Connecticut, 06762, engaged in the business of buying and selling used autos and light trucks.

15.     Plaintiff County Line Carriage Inc. d/b/a Auto Jocks is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 2160 Straits Tpke, Middlebury, CT, 06762, engaged in the business of buying and selling used autos and light trucks.

16.     Plaintiff Perrine's Pontiac Inc. d/b/a Perrine Auto Group is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of

business at 2730 Rt. 130, Cranbury, New Jersey, 08512, engaged in the business of buying and selling used autos and light trucks.

17.     Plaintiff Tenafly Auto Mall Inc. d/b/a Tenafly Kia is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 95 County Road, Tenafly, New Jersey, 07670, engaged in the business of buying and selling used autos and light trucks.

18.     Plaintiff Chilson Subaru is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3443 South Highway 93, Eau Claire, Wisconsin, 54701, engaged in the business of buying and selling used autos and light trucks.

19.     Plaintiff Townsend Bros. Inc d/b/a Townsend Bros Chevrolet is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1450 S. Dupont Hwy., Dover, Delaware, 19901, engaged in the business of buying and selling used autos and light trucks.

20.     Plaintiff Moore Family of Dealerships is a corporation organized and existing under the laws of the State of Virginia with its principal place of business at 9177 West Broad Street, Richmond, VA, 23294, engaged in the business of buying and selling used autos and light trucks.

21.     Plaintiff B.C.T. Imports, Inc. d/b/a Toyota Universe is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1485 Route 46 East, Little Falls, New Jersey, 07424, engaged in the business of buying and selling used autos and light trucks.

22.     Plaintiff United Galaxy Inc. d/b/a Tri-County Lexus is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 700 US 46, Little Falls, New Jersey, 07305, engaged in the business of buying and selling used autos and light trucks.

23.     Plaintiff Universal Global, Inc. d/b/a Metro Honda is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 540 New Jersey 440, Jersey City, New Jersey, 07305, engaged in the business of buying and selling used autos and light trucks.

24.     Plaintiff M.T. Imports, Inc. d/b/a Galaxy Toyota is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 750 New Jersey 36, Eatontown, New Jersey, 07724, engaged in the business of buying and selling used autos and light trucks.

25.     Plaintiff Mack Auto Imports, Inc. d/b/a Honda Universe is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1085 New Jersey 88, Toms River, New Jersey, 08701, engaged in the business of buying and selling used autos and light trucks.

26.     Plaintiff Mack Auto Imports, Inc. d/b/a Honda of Toms River is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 346 New Jersey 37, Toms River, New Jersey, 08753, engaged in the business of buying and selling used autos and light trucks.

27.     Plaintiff Ron Bouchard's Auto Sales, Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 500 Old

Union Tpke., Lancaster, MA, 01523, engaged in the business of buying and selling used autos and light trucks.

28.    Plaintiff RB Automotive Group Inc. d/b/a Acura of Aburn is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 476 Southbridge Street, Auburn, MA, 01501, engaged in the business of buying and selling used autos and light trucks.

29.    Plaintiff JMK East LLC d/b/a JMK Saab-Fiat is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 345 Route 22, Springfield, New Jersey, 07081, engaged in the business of buying and selling used autos and light trucks.

30.    Plaintiff JMK Auto Sales, Inc. d/b/a JMK BMW is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 391 Route 22 East, Springfield, New Jersey, 07081, engaged in the business of buying and selling used autos and light trucks.

31.    Plaintiff Northtown Toyota Scion is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1135 Millersport Hwy, Buffalo, New York, 14226, engaged in the business of buying and selling used autos and light trucks.

32.    Plaintiff Northtown Hyundai Inc. d/b/a Northtown Hyundai Subaru is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3675 Sheridan Dr., Amherst, New York, 14226, engaged in the business of buying and selling used autos and light trucks.

13

33.     Plaintiff Northtown Mazda KIA is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3900 Sheridan Dr., Amherst, New York, 14226, engaged in the business of buying and selling used autos and light trucks.

34.     Plaintiff Northtown Chrysler Jeep Dodge is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2020 Niagara Falls Blvd, Tonawanda, New York, 14150, engaged in the business of buying and selling used autos and light trucks.

35.     Plaintiff Northtown Lexus is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3845 Sheridan Dr, Amherst, New York, 14226, engaged in the business of buying and selling used autos and light trucks.

36.     Plaintiff Northtown Volvo Porsche Land Rover of Buffalo is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 8135 Main St, Williamsville, New York, 14221, engaged in the business of buying and selling used autos and light trucks.

37.     Plaintiff Bill Kolb Jr. Subaru Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 252 New York 303, Orangeburg, New York, 10962, engaged in the business of buying and selling used autos and light trucks.

38.     Plaintiff Gault Chevrolet Co., Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2507 North Street, Endicott, New York, 13760, engaged in the business of buying and selling used autos and light trucks.

39.     Plaintiff Gault Toyota is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2205 North Street, Endicott, New York, 13760, engaged in the business of buying and selling used autos and light trucks.

40.     Plaintiff Gault Auto Sport BMW is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2507 North Street, Endicott, New York, 13760, engaged in the business of buying and selling used autos and light trucks.

41.     Plaintiff Gault Volkswagen is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2409 North Street, Endicott, New York, 13760, engaged in the business of buying and selling used autos and light trucks.

42.     Plaintiff Miller Motor Car Corporation is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 4455 Vestal Parkway, P.O. Box 37, Vestal, New York, 13851, engaged in the business of buying and selling used autos and light trucks.

43.     Plaintiff Sutton Ford Inc. d/b/a Sutton Ford Lincoln is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 21315 Central Avenue, Matteson, IL, 60443, engaged in the business of buying and selling used autos and light trucks.

44.     Plaintiff Waco Dodge, Inc. d/b/a Waco Hyundai is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1501 W Loop 340, Waco, Texas, 76712, engaged in the business of buying and selling used autos and light trucks.

45.     Plaintiff 21st Century Auto Group is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 303 Route 22 East, Springfield, New Jersey, 07444, engaged in the business of buying and selling used autos and light trucks.

46.     Plaintiff Chilson's Corner Motors of Cadott, LLC is a limited liability company organized and existing under the laws of the State of Wisconsin, with its principal place of business at 448 E Chippewa St, Cadott, WI, 54727, engaged in the business of buying and selling used autos and light trucks.

47.     Plaintiff Metro Chrysler Plymouth Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 211-10 Jamaica Ave., Queens Villages, New York, 11488, engaged in the business of buying and selling used autos and light trucks.

48.     Plaintiff Habberstad Motorsport, Inc. d/b/a Habberstad BMW of Huntington is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 945 East Jericho Turnpike, Huntington Station, New York, 11746, engaged in the business of buying and selling used autos and light trucks.

49.     Plaintiff Fairfield Motors, Inc. d/b/a Route 23 Honda is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 700 Route 23, Pompton Plains, New Jersey, 07444, engaged in the business of buying and selling used autos and light trucks.

50.     Plaintiff Masterz Automotive Intl Inc. d/b/a Master Cars USA, Inc. d/b/a Masters is a corporation organized and existing under the laws of the State of New York, with its

principal place of business at 275 Northern Boulevard, Great Neck, New York, 11021, engaged in the business of buying and selling used autos and light trucks.

51.     Plaintiff Salerno * Duane Infiniti, LLC d/b/a Infiniti of Denville is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 3103 Route 10 East, Denville, New Jersey, 07834, engaged in the business of buying and selling used autos and light trucks.

52.     Plaintiff Jim Salerno Pontiac Buick GMC Truck, Inc. d/b/a Jim Salerno Buick GMC Truck is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1005 Route 10 East, Randolph, New Jersey, 07869, engaged in the business of buying and selling used autos and light trucks.

53.     Plaintiff Salerno Duane Inc. d/b/a Salerno Duane Chrysler Jeep Dodge is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 267 Broad. Street, Summit, New Jersey, 07901, engaged in the business of buying and selling used autos and light trucks.

54.     Plaintiff Route 18 Auto Group LLC d/b/a Route 18 Chrysler Jeep Dodge is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 400 State Route 18, East Brunswick, New Jersey, 08816, engaged in the business of buying and selling used autos and light trucks.

55.     Plaintiff Outten Buick-Pontiac, Inc. d/b/a Outten Chevrolet of Hamburg is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1080 S 4th St, Hamburg, PA, 19528, engaged in the business of buying and selling used autos and light trucks.

56.    Plaintiff Outten Motors, LLC d/b/a Outten Chrysler Dodge Jeep Ram is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 16614 Pottsville Pike, Hamburg, PA, 19526, engaged in the business of buying and selling used autos and light trucks.

57.    Plaintiff Outten Automotive, Inc. d/b/a Outten KIA is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 900 S 4th Street, Hamburg, PA, 19526, engaged in the business of buying and selling used autos and light trucks.

58.    Plaintiff W.S. Healey Chevrolet-Buick, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 5216 Route 17rn, New Hampton, NY, 10958, engaged in the business of buying and selling used autos and light trucks.

59.    Plaintiff Healey Chevrolet, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1960 South Road, Poughkeepsie, NY, 12601, engaged in the business of buying and selling used autos and light trucks.

60.    Plaintiff Healey Hyundai, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 410 Fishkill Avenue, Beacon, NY, 12508, engaged in the business of buying and selling used autos and light trucks.

61.    Plaintiff Healey Ford Lincoln, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 2528 Route 17m, Goshen, NY, 10924, engaged in the business of buying and selling used autos and light trucks.

18

62.     Plaintiff Healey Used Car Outlet, LLC d/b/a Healey KIA is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 130 Temple Hill Road, Vails Gate, NY, 12584, engaged in the business of buying and selling used autos and light trucks.

63.     Plaintiff Healey Chrysler Dodge Jeep, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 557 Route 52, Beacon, NY, 12508, engaged in the business of buying and selling used autos and light trucks.

64.     Plaintiff Healey Automotive LLC d/b/a Healey Mitsubishi is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 2528 Route 17m, Goshen, NY, 10924, engaged in the business of buying and selling used autos and light trucks.

65.     Plaintiff Harden Motor Car Corp, d/b/a Mohawk Honda is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 175 Freemans Bridge Rd., Scotia, NY, 12302, engaged in the business of buying and selling used autos and light trucks.

66.     Plaintiff Star Hyundai LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 201-16 Northern Blvd, Bayside, NY, 11361, engaged in the business of buying and selling used autos and light trucks.

67.     Plaintiff Bayside Chrysler Jeep, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 212-19 Northern

Blvd, Bayside, NY, 11361, engaged in the business of buying and selling used autos and light trucks.

68.     Plaintiff Yellowstone Country Motors is a corporation organized and existing under the laws of the State of Montana, with its principal place of business at 1415 W. Park St., Livingston, MT, 59047, engaged in the business of buying and selling used autos and light trucks.

69.     Plaintiff Tirrico, Inc d/b/a Planet Honda is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 2285 US Highway 22 W, Union, NJ, 07083, engaged in the business of buying and selling used autos and light trucks.

70.     Plaintiff Sovereign Motor Cars LTD is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1325 Franklin Ave, Garden City, NY, 11530, engaged in the business of buying and selling used autos and light trucks.

71.     Plaintiff Bellavia Buick, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 199 New Jersey 17, Rutherford, NJ, 10958, engaged in the business of buying and selling used autos and light trucks.

72.     Plaintiff Arnold Chevrolet, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 670 Montauk Hwy., West Babylon, NY, 11704, engaged in the business of buying and selling used autos and light trucks.

73.     Plaintiff Thomas Dodge Corp D/B/A Cash for Cars is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1752 Middle Country Rd., Centereach, NY, 11720, engaged in the business of buying and selling used autos and light trucks.

74.     Plaintiff Durand Automotive Group, Inc. d/b/a Durand Toyota-Ford is a corporation organized and existing under the laws of the State of Vermont, with its principal place of business at 6896 Route 5, West Minister, Vermont, 05158, engaged in the business of buying and selling used autos and light trucks.

75.     Plaintiff Outten Chevrolet, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1701 W Tilghman St., Allentown, PA, 18104, engaged in the business of buying and selling used autos and light trucks.

76.     Plaintiff W R Thomas Inc, d/b/a Direct Auto Plaza is a corporation organized and existing under the laws of the State of California, with its principal place of business at 664 Thomas Lane, El Centro, CA, 92243, engaged in the business of buying and selling used autos and light trucks.

77.     Plaintiff Cardinal Honda is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 531 Connecticut 12, Groton, CT, 10958, engaged in the business of buying and selling used autos and light trucks.

78.     Plaintiff Heinrich Chevrolet Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 5775 S Transit Road, Lockport, NY, 14094, engaged in the business of buying and selling used autos and light trucks.

79.     Plaintiff North Bay Cadillac Co. Inc. d/b/a North Bay Cadillac Buick GMC is a corporation organized and existing under the laws of the State of New York, with its principal

place of business at 720 Northern Blvd., Great Neck, NY, 11021, engaged in the business of buying and selling used autos and light trucks.

80.     Plaintiff Hempstead Auto Co. Inc. d/b/a Jaguar of Great Neck is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 732 Northern. Blvd., Great Neck, NY, 11021, engaged in the business of buying and selling used autos and light trucks.

81.     Plaintiff Heritage Jaguar of Freeport Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 146 W. Sunrise Highway, Freeport, New York, 11520, engaged in the business of buying and selling used autos and light trucks.

82.     Plaintiff Great Neck Suzuki is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 46 Northern Blvd., Great Neck, NY, 11021, engaged in the business of buying and selling used autos and light trucks.

83.     Plaintiff Manfredi Motors Inc. d/b/a Staten Island Toyota is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1591 Hylan Blvd., Staten Island, NY, 10306, engaged in the business of buying and selling used autos and light trucks.

84.     Plaintiff Schumacher Auto Group is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 3031 Okeechobee Blvd., West Palm Beach, FL, 33409, engaged in the business of buying and selling used autos and light trucks.

85.     Plaintiff Schumacher Automotive is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 3720 North Lake Blvd, Lake Park, FL, 33403, engaged in the business of buying and selling used autos and light trucks.

86.     Plaintiff Manfredi Chevrolet, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 2519 Hylan Blvd., Staten Island, NY, 10306, engaged in the business of buying and selling used autos and light trucks.

87.     Plaintiff Manfredi Motors Inc. d/b/a SI Toyota is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 1591 Hylan Blvd., Staten Island, NY, 10306, engaged in the business of buying and selling used autos and light trucks.

88.     Plaintiff Dartmouth Nissan, Inc. d/b/a Nissan World of Dartmouth is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 483 State Road, Route 6, North Dartmouth, MA, 02747, engaged in the business of buying and selling used autos and light trucks.

89.     Plaintiff Denville Nissan Inc. d/b/a Nissan World of Denville is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 3057 Route 10 East, Denville, NJ, 07834, engaged in the business of buying and selling used autos and light trucks.

90.     Plaintiff Nissan World of Red Bank, LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 120 Newman Springs Rd., Red Bank, NJ, 07701, engaged in the business of buying and selling used autos and light trucks.

23

91.     Plaintiff Nissan World LLC d/b/a Nissan World of Springfield is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 146 Route 22, Springfield, NJ, 07081, engaged in the business of buying and selling used autos and light trucks.

92.     Plaintiff P.A.C. Automotive LLC d/b/a Toyota World of Lakewood is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 1118 Ocean Ave. Route 88, Lakewood, NJ, 08701, engaged in the business of buying and selling used autos and light trucks.

93.     Plaintiff Sussex County Imports LLC d/b/a Toyota World of Newton is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 66 Hampton House Rd., Newton, NJ, 07860, engaged in the business of buying and selling used autos and light trucks.

94.     Plaintiff Hampton Imports LLC d/b/a Subaru World of Newton is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 84 Route 206, 84 Hampton House Rd., Newton, NJ, 07860, engaged in the business of buying and selling used autos and light trucks.

95.     Plaintiff LCJ Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 903 N. Frederick Ave., Gaithersburg, MD, 20879, engaged in the business of buying and selling used autos and light trucks.

96.     Plaintiff The Dorschel Group d/b/a Dorschel Lexus, Infiniti, Nissan, Volkswagen, Saab d/b/a Dorschel Resale Center is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3817 W. Henrietta Rd.., Rochester, NY, 14623, engaged in the business of buying and selling used autos and light trucks.

97.     Plaintiff The Dorschel Group d/b/a Dorschel Toyota is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3399 W. Henrietta Road, Rochester, New York, 14623, engaged in the business of buying and selling used autos and light trucks.

98.     Plaintiff The Dorschel Group d/b/a. Dorschel Kia is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3820 W. Henrietta Road, Rochester, New York, 14623, engaged in the business of buying and selling used autos and light trucks.

99.     Plaintiff DGM, LLC d/b/a Mini of Rochester d/b/a MINI of Rochester is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3875 W. Henrietta Rd., Rochester, NY, 14623, engaged in the business of buying and selling used autos and light trucks.

100.     Plaintiff Car Pros Kia of Tacoma is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 7230 South Tacoma Way, Tacoma, WA, 98409, engaged in the business of buying and selling used autos and light trucks.

101.     Plaintiff Concours Motors Inc., d/b/a Concours Motors is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 1400 West Silverspring Dr., Milwaukee, WI, 53209, engaged in the business of buying and selling used autos and light trucks.

102.     Plaintiff Concours Motors Inc., d/b/a Concours BMW is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 5990

N. Greenbay Ave., Milwaukee, WI, 53209, engaged in the business of buying and selling used autos and light trucks.

103.    Plaintiff North Shore Chevrolet LLC d/b/a Chevrolet of Smithtown is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 920 Middle Country Road, St. James, New York, 11780, engaged in the business of buying and selling used autos and light trucks.

104.    Plaintiff Space Coast Auto Group, Inc., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 272 Highway Auto A1A, Satellite Beach, Forida, 32937, engaged in the business of buying and selling used autos and light trucks.

105.    Plaintiff Chrysler of Culpeper is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business at 11030 James Monroe Hwy, Culpeper, VA, 22701, engaged in the business of buying and selling used autos and light trucks.

106.    Plaintiff B&Z Auto Enterprises LLC d/b/a Eastchester Chrysler Jeep Dodge is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 4007 Boston Rd., Bronx, NY, 10466, engaged in the business of buying and selling used autos and light trucks.

107.    Plaintiff B&Z Auto Enterprises LLC d/b/a  Riverdale Chrysler Jeep Dodge is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 5869 Broadway, Bronx, NY, 10463, engaged in the business of buying and selling used autos and light trucks.

108.    Plaintiff Teterboro Chrysler Jeep, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 469 Rt. 46 Little

Ferry, Little Ferry, NJ, 07643, engaged in the business of buying and selling used autos and light trucks.

109.    Plaintiff Jim Salerno Pontiac Buick GMC Truck, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1005 State Route 10, Randolph, New Jersey, 07869, engaged in the business of buying and selling used autos and light trucks.

110.    Plaintiff Open Road of Mendham, LLC d/b/a Audi Mendham d/b/a Audi Bernardsville is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 26 East Main Street, Mendham, New Jersey, 07945, engaged in the business of buying and selling used autos and light trucks.

111.    Plaintiff Port Jeff Chrysler Jeep, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 5130 Nesconset Highway, Port Jefferson Station, New York, 11776, engaged in the business of buying and selling used autos and light trucks.

112.    Plaintiff Gerry Wood Automotive LLC d/b/a Gerry Wood Honda is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 414 Jake Alexander Boulevard South, Salisbury, NC, 28147, engaged in the business of buying and selling used autos and light trucks.

113.    Plaintiff Gerry Wood Automotive LLC d/b/a Gerry Wood Chrysler Dodge Jeep Ram is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 525 Jake Alexander Boulevard South, Salisbury, NC, 28147, engaged in the business of buying and selling used autos and light trucks.

114.    Plaintiff Gerry Wood Automotive LLC d/b/a Gerry Wood Kia is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 529 Jake Alexander Boulevard South, Salisbury, North Carolina, 28147, engaged in the business of buying and selling used autos and light trucks.

115.    Plaintiff Donohoo Auto, LLC is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business at 8122 Helena Road, Pelham, Aabama, 35124, engaged in the business of buying and selling used autos and light trucks.

116.    Plaintiff Elk Grove Toyota is a corporation organized and existing under the laws of the State of California, with its principal place of business at 9640 West Stockton Boulevard, Elk Grove, California, 95757, engaged in the business of buying and selling used autos and light trucks.

117.    Plaintiff Elk Grove Kia is a corporation organized and existing under the laws of the State of California, with its principal place of business at 8480 Laguna Grove Drive, Elk Grove, CA, 95757, engaged in the business of buying and selling used autos and light trucks.

118.    Plaintiff Hanford Toyota is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1835 Glendale Avenue, Hanford, CA, 93230, engaged in the business of buying and selling used autos and light trucks.

119.    Plaintiff Hanford Hyundai is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1990 Glendale Avenue, Hanford, CA, 93230, engaged in the business of buying and selling used autos and light trucks.

120.   Plaintiff Nissan Sales Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 730 Route 112, Patchogue, NY, 11772, engaged in the business of buying and selling used autos and light trucks.

121.   Plaintiff Tustin Buick GMC Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Auto Center Drive, Tustin, CA, 92782, engaged in the business of buying and selling used autos and light trucks.

122.   Plaintiff Classic Chevrolet, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1101 West State Highway 114, Grapevine, TX, 76051, engaged in the business of buying and selling used autos and light trucks.

123.   Plaintiff Classic Autoplex Galveston d/b/a Classic Autoplex F LLC, Classic Autoplex GM LLC, Classic Autoplex F-T LLC,  Classic Autoplex H, LLC, is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 8020 Broadway, Galveston, TX, 77554, engaged in the business of buying and selling used autos and light trucks.

124.   Plaintiff 3925 Partners Ltd. d/b/a Mike Brown Ford, Mike Brown Chrysler Dodge Jeep, Mike Brown Hyundai, is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 4950 E. Highway 377, Granbury, TX, 76049, engaged in the business of buying and selling used autos and light trucks.

125.   Plaintiff Classic Buick GMC Ltd. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1400 I-20 E., Arlington, TX, 76018, engaged in the business of buying and selling used autos and light trucks.

126.   Plaintiff Classic Buick GMC of Carrollton, LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at

2700 North I-35E, Carrollton, TX, 75007, engaged in the business of buying and selling used autos and light trucks.

127.    Plaintiff Classic Chevrolet, Buick, GMC, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1909 Hwy. 377 E., Granbury, TX, 76049, engaged in the business of buying and selling used autos and light trucks.

128.    Plaintiff Stingray Chevrolet, LLC is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 2002 N. Frontage Road, Plant City, FL, 33563, engaged in the business of buying and selling used autos and light trucks.

129.    Plaintiff Stingray Chevrolet Bartlow, LLC is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 1475 W. Main Street, Bartlow, FL, 33830, engaged in the business of buying and selling used autos and light trucks.

130.    Plaintiff 4984 Partners Ltd. d/b/a Classic Chrysler, Dodge, Jeep, Mazda, is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 4984 South I-35E, Denton, TX, 76210, engaged in the business of buying and selling used autos and light trucks.

131.    Plaintiff Classic Chevrolet Sugar Land, LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 13115 Southwest Freeway, Sugar Land, TX, 77478, engaged in the business of buying and selling used autos and light trucks.

132.     Plaintiff Riverhead Auto Mall, Ltd. d/b/a Riverhead Hyundai d/b/a Riverhead Nissan is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1800 Old Country Road, Riverhead, NY, 11901, engaged in the business of buying and selling used autos and light trucks.

133.     Plaintiff Heinrich Chevrolet Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 5775 S. Transit Road, Lockport, NY, 14094, engaged in the business of buying and selling used autos and light trucks.

134.     Plaintiff Curry Chevrolet Sales & Service, Inc. d/b/a Curry Chevrolet, is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

135.     Plaintiff Curry Motor Cars, LLC d/b/a Curry Chevrolet, is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

136.     Plaintiff Curry Automotive LLC d/b/a Curry Honda is a limited liability company organized and existing under the laws of the State of New York, with its address to receive mail at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

137.     Plaintiff Curry Cars LLC d/b/a Curry Honda is a limited liability company organized and existing under the laws of the State of New York, with its address to receive mail at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

138.    Plaintiff Linear Motors LLC d/b/a Curry Hyundai-Subaru is a limited liability company organized and existing under the laws of the State of New York, with its address to receive mail at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

139.    Plaintiff Lyford Motors LLC d/b/a Curry Toyota is a limited liability company organized and existing under the laws of the State of New York, with its address to receive mail at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

140.    Plaintiff Performance Motors LLC d/b/a Curry Nissan is a limited liability company organized and existing under the laws of the State of New York, with its address to receive mail at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

141.    Plaintiff BFC 3 LLC d/b/a Curry Honda is a limited liability company organized and existing under the laws of the State of New York, with its address to receive mail at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

142.    Plaintiff Curry Auto LLC d/b/a Curry Acura is a limited liability company organized and existing under the laws of the State of New York, with its address to receive mail at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

143.    Plaintiff Rallye Automotive LLC d/b/a Curry Nissan – Chicopee is a limited liability company organized and existing under the laws of the State of Massachusetts, with its

address to receive mail at 727 Central Park Avenue, Scarsdale, NY, 10583, engaged in the business of buying and selling used autos and light trucks.

144.    Plaintiff Morehead Auto Sales Inc. d/b/a Morehead Honda is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1000 Auto Park Place, Newburgh, NY, 12550, engaged in the business of buying and selling used autos and light trucks.

145.    Plaintiff A& H Motors Inc. d/b/a Monster Auto Group is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 4732 St. Barnabas Road, Temple Hills, MD, 20748, engaged in the business of buying and selling used autos and light trucks.

146.    Plaintiff Scap Auto Group is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 421 Tunix Hill Road, Fairfield, CT, 06825, engaged in the business of buying and selling used autos and light trucks.

147.    Plaintiff Paul Conte Cadillac, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 169 W Sunrise Highway, Freeport, NY, 11520, engaged in the business of buying and selling used autos and light trucks.

148.    Plaintiff White Plains Chrysler Jeep is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 70 Westchester Avenue, White Plains, NY, 10601, engaged in the business of buying and selling used autos and light trucks.

149.    Plaintiff HB Chevrolet is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 105-20 Queens Boulevard, Forest Hills, NY, 11375, engaged in the business of buying and selling used autos and light trucks.

150.    Plaintiff Freedom Ford, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 420 Fishkill Avenue, Beacon, New York, 12508, engaging in the business of buying and selling used autos and light trucks.

151.    Plaintiff Lash Auto Group LLC d/b/a Lash Volkswagen of White Plains is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 376 Terrytown Road, White Plains, NY, 10607, engaged in the business of buying and selling used autos and light trucks.

152.    Plaintiff Hassett Lincoln-Mercury Sales, Inc. d/b/a Hassett of Wantagh is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3530 Sunrise Highway, Wantagh, NY, 11793, engaged in the business of buying and selling used autos and light trucks.

153.    Plaintiff Fogg's Auto Sales, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 642 Saratoga Road, Scotia, NY, 12302, engaged in the business of buying and selling used autos and light trucks.

154.    Plaintiff 86th Street Chevrolet, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1575 86th Street, Brooklyn, NY, 11228, engaged in the business of buying and selling used autos and light trucks.

155.    Plaintiff Rensselaer Auto Plaza, Inc. d/b/a Rensselaer Honda is a corporation organized and existing under the laws of the State of New York, with its principal place of

business at 770 Hoosick Road, Troy, NY, 12180, engaged in the business of buying and selling used autos and light trucks.

156.   Plaintiff Scotia Motors, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 110 Mohawk Avenue, Scotia, NY, 12302, engaged in the business of buying and selling used autos and light trucks.

157.   Plaintiff Sam Scism Motors, Inc. is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at P.O. Box 587, Park Hills, MO, 63601, engaged in the business of buying and selling used autos and light trucks.

158.   Plaintiff Autoworld Kia is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2520 Hempstead Turnpike, East Meadow, NY, 11554, engaged in the business of buying and selling used autos and light trucks.

159.   Plaintiff Chevrolet of Jersey City is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 905 Communipaw Avenue, Jersey City, NJ, 07034, engaged in the business of buying and selling used autos and light trucks.

160.   Plaintiff King O'Rourke Buick-GMC LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 756 Smithtown Bypass, Smithtown, NY, 11787, engaged in the business of buying and selling used autos and light trucks.

161.   Plaintiff D&C Chevrolet Co. d/b/a Honda of Tenafly is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 28 County Road, Tenafly, NJ, 07670, engaged in the business of buying and selling used autos and light trucks.

162.   Plaintiff Corvettes of Florida, Inc. d/b/a Toy Store is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 1040 Seminole Boulevard, Largo, FL, 33770, engaged in the business of buying and selling used autos and light trucks.

163.   Plaintiff Imports & More, Inc. is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business at 10504 Highway 11e, Lenoir city, TN, 37772, engaged in the business of buying and selling used autos and light trucks.

164.   Plaintiff Barry's Auto Center, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 4579 Lake Road South, Brockport, NY, 14420, engaged in the business of buying and selling used autos and light trucks.

165.   Plaintiff Union Pontiac-GMC, Inc. d/b/a Union Buick GMC is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 2301 Route 22 West, Union, NJ, 07083, engaged in the business of buying and selling used autos and light trucks.

166.   Plaintiff The Parsons Buick Company is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 151 East Street, PO Box 127, Plainville, CT 06062, engaged in the business of buying and selling used autos and light trucks.

167.   Plaintiff Schaller, Inc. d/b/a Schaller Acura is a corporation organized and existing under the laws of the Sate of Connecticut, with its principal place of business at 345 Center Street, Manchester, CT, 06040, engaged in the business of buying and selling used autos and light trucks.

168.    Plaintiff Farrell Motors, Inc. d/b/a Farrell Volvo is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 251 Turnpike Road, Southborough, MA, 01772, engaged in the business of buying and selling used autos and light trucks.

169.    Plaintiff Central Avenue Chrysler Jeep Dodge is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1839 Central Park Avenue, Yonkers, NY, 10710, engaged in the business of buying and selling used autos and light trucks.

170.    Plaintiff Anderson of Hunt Valley, LLC is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business at 10125 York Road, Cockeysville, MD, 21030, engaged in the business of buying and selling used autos and light trucks.

171.    Plaintiff Anderson Motors, LLC is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business at 10125 York Road, Cockeysville, MD, 21030 [Steve:  this address is the same address as Anderson of Hunt Valley], engaged in the business of buying and selling used autos and light trucks.

172.    Plaintiff Anderson Automotive Group, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 10125 York Road, Cockeysville, MD, 21030 [Steve:  this address is the same address as Anderson of Hunt Valley], engaged in the business of buying and selling used autos and light trucks.

173.    Plaintiff Stoler Gold Coast, Inc. d/b/a BMW of Oyster Bay is a corporation organized and existing under the laws of the State New York with its principal place of business

at 145 Pine Hollow Road, Oyster Bay, NY, 11771, engaged in the business of buying and selling used autos and light trucks.

174.    Plaintiff Stoler of Westbury, Inc. d/b/a Westbury Toyota is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1121 Old Country Road, Westbury, NY, 11590, engaged in the business of buying and selling used autos and light trucks.

175.    Plaintiff Len Stoler Inc. d/b/a Lexus of Towson is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 1040 York Road, Towson, MD, 21204, engaged in the business of buying and selling used autos and light trucks.

176.    Plaintiff Len Stoler Inc. d/b/a Len Stoler Ford is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11275 Reisterstown Road, Owings Mills, MD, 21117, engaged in the business of buying and selling used autos and light trucks.

177.    Plaintiff Len Stoler Inc. d/b/a Len Stoler Hyundai is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11275 Reisterstown Road, Owings Mills, MD, 21117, engaged in the business of buying and selling used autos and light trucks.

178.    Plaintiff Len Stoler Inc. d/b/a Len Stoler Porsche/Audi is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11309 Reisterstown Road, Owings Mills, MD, 21117, engaged in the business of buying and selling used autos and light trucks.

179.    Plaintiff Len Stoler Inc. d/b/a Len Stoler Lexus is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11311 Reisterstown Road, Owings Mills, MD, 21117, engaged in the business of buying and selling used autos and light trucks.

180.    Plaintiff Len Stoler Inc. d/b/a Len Stoler Nissan is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11405 Reisterstown Road, Owings Mills, MD, 21117, engaged in the business of buying and selling used autos and light trucks.

181.    Plaintiff Len Stoler Inc. d/b/a Len Stoler Jeep Chrysler Dodge is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 1001 Baltimore Boulevard, Westminster, MD, 21158, engaged in the business of buying and selling used autos and light trucks.

182.    Plainitff Len Stoler Inc. d/b/a Len Stoler Chevrolet is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 343 Center Street, Westminster, MD, 21158, engaged in the business of buying and selling used autos and light trucks.

183.    Plaintiff Smithtown Toyota is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 360 E. Jericho Turnpike, Smithtown, NY, 11787, engaged in the business of buying and selling used autos and light trucks.

184.    Plaintiff Curry Imports Inc. d/b/a Torrington Honda is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 45

Migeon Avenue, Torrington, Connecticut, 06790, engaged in the business of buying and selling used autos and light trucks.

185.   Plaintiff Towson Automotive, Inc. d/b/a BMW of Towson is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 700 Kenilworth Drive, Towson, Maryland, 21204, engaged in the business of buying and selling used autos and light trucks.

186.   Plaintiff Towson Automotive, Inc. d/b/a BMW of Bel Air is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 1705 Conowingo Road, Bel Air, Maryland, 21014, engaged in the business of buying and selling used autos and light trucks.

187.   Plaintiff Towson Automotive, Inc. d/b/a Mini of Baltimore County is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 9804 Reisterstown Road, Owings Mills, Maryland, 21117, engaged in the business of buying and selling used autos and light trucks.

188.   Plaintiff Rockville Cars, LLC, is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business at 1300 Rockville Pike, Rockville, Maryland, 20852, engaged in the business of buying and selling used autos and light trucks.

189.   Plaintiff Rossi Chevrolet Buick GMC, Inc., is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 360 Route 31 South, Washington, New Jersey, 07882, engaged in the business of buying and selling used autos and light trucks.

190.    Plaintiff Community Honda is a corporation organized and existing under the laws of the State of California, with its principal place of business at 13839 Whittier Boulevard, Whittier, California, 90605, engaged in the business of buying and selling used autos and light trucks.

191.    Plaintiff Northstar Chevrolet, Inc., is a corporation and existing organized under the laws of the State of New York, with its principal place of business at 400 Clifton Park Center Road, Clifton Park, New York, 12065, engaged in the business of buying and selling used autos and light trucks.

192.    Plaintiff Frangie Motors Inc. d/b/a Toyota San Luis Obispo is a corporation organized and existing under the laws of the State of California, with its principal place of business at 12350 Los Osos Valley Road, San Luis Obispo, California, 93405, engaged in the business of buying and selling used autos and light trucks.

193.    Plaintiff Haldeman Ford of Highstown, LLC, is a limited liability company organized and existing under the laws of the state of New Jersey, with its principal place of business at 640 US Highway 130 South, East Windsor, New Jersey, 08520, engaged in the business of buying and selling used autos and light trucks.

194.    Plaintiff Haldeman Ford, Inc. d/b/a Haldeman Ford/Subaru is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 607 Highway 33, Hamilton Square, New Jersey, 08619, engaged in the business of buying and selling used autos and light trucks.

195.    Plaintiff Haldeman Nissan, Inc., is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 951 Highway 33,

Hamilton Square, New Jersey, 08690, engaged in the business of buying and selling used autos and light trucks.

196.    Plaintiff Lawrence Automotive Inc. d/b/a Lawrence Lexus is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 2630 Brunswick Pike, Lawrenceville, New Jersey, 08648, engaged in the business of buying and selling used autos and light trucks.

197.    Plaintiff Twin Pine Auto Group, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1928 W. Main Street, Ephrata, Pennsylvania, 17522, engaged in the business of buying and selling used autos and light trucks.

198.    Plaintiff McGrath Nissan, Inc., is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 945 East Chicago Street, Elgin, Illinois, 60120, engaged in the business of buying and selling used autos and light trucks.

199.    Plaintiff Greenwich Automotive Enterprises, Ltd. d/b/a Jeep Chrysler Dodge City is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 468 West Putnam Avenue, Greenwich, New York, 06830, engaged in the business of buying and selling used autos and light trucks.

200.    Plaintiff GAE, LLC d/b/a Nissan City is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 530 North Main Street, Port Chester, New York, 10573, engaged in the business of buying and selling used autos and light trucks.

201.    Plaintiff Cascade Auto Group, Ltd. Is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business at 4146 State

Road, Cuyahoga Falls, Ohio, 44223, engaged in the business of buying and selling used autos and light trucks.

202.     Plaintiff Mel Rapton Honda, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business at 3630 Fulton Avenue, Sacramento, California, 95821, engaged in the business of buying and selling used autos and light trucks.

203.     Plaintiff Vera-Williams Investments, Inc. d/b/a Vera Cadillac Buick GMC is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 300 South University Drive, Pembroke Pines, Florida, 33025, engaged in the business of buying and selling used autos and light trucks.

204.     Plaintiff Matthews Kia Mazda Subaru is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3013 Old Vestal Road, Vestal, New York, 13850, engaged in the business of buying and selling used autos and light trucks.

205.     Plaintiff JBA Automotive LLC d/b/a JBA Infiniti is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business at 8431 Baltimore National Pike, Ellicott City, Maryland, 21043, engaged in the business of buying and selling used autos and light trucks.

206.     Plaintiff Gladding Chevrolet Inc. d/b/a JBA Chevrolet is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 7327 Ritchie Highway, Glen Burnie, Maryland, 21061, engaged in the business of buying and selling used autos and light trucks.

207.    Plaintiff Columbia Automotive Inc. d/b/a Columbia Hyundai Acura is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 10981 Montgomery Road, Cincinnati, Ohio, 45249, engaged in the business of buying and selling used autos and light trucks.

208.    Plaintiff Camargo Cadillac Company is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 9800 Montgomery Road, Cincinnati, Ohio, 45242, engaged in the business of buying and selling used autos and light trucks.

209.    Plaintiff Joseph Chevrolet Company is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 8733 Colerain Avenue, Cincinnati, Ohio, 45251, engaged in the business of buying and selling used autos and light trucks.

210.    Plaintiff Joseph Northland Motors Inc. d/b/a The Audi Connection is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 9678 Montgomery Road, Cincinnati, Ohio, 45242, engaged in the business of buying and selling used autos and light trucks.

211.    Plaintiff Joseph Northland Motors Inc. d/b/a Porsche of Kings Automall is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 9847 Kings Auto Mall Road, Cincinnati, Ohio, 45249, engaged in the business of buying and selling used autos and light trucks.

212.    Plaintiff Montgomery Chevrolet Company d/b/a Columbia Chevrolet is a corporation organized and existing under the laws of the State of Ohio, with its principal place of

business at 9750 Montgomery Road, Cincinnati, Ohio, 45242, engaged in the business of buying and selling used autos and light trucks.

213.    Plaintiff Infiniti of Cincinnati, Inc. is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 9857 Kings Automall Road, Cincinnati, Ohio, 45249, engaged in the business of buying and selling used autos and light trucks.

214.    Plaintiff Joseph T of C, Co. d/b/a Joseph Toyota of Cincinnati is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 9101 Colerain Avenue, Cincinnati, Ohio, 45251, engaged in the business of buying and selling used autos and light trucks.

215.    Plaintiff Joseph Buick GMC Truck Inc d/b/a Joseph Buick GMC is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 8700 Colerain Avenue, Cincinnati, Ohio, 45251, engaged in the business of buying and selling used autos and light trucks.

216.    Plaintiff Joseph T of D Co. d/b/a Joseph Airport Toyota is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 1180 West National Road, Vandalia, Ohio, 45377, engaged in the business of buying and selling used autos and light trucks.

217.    Plaintiff Joseph H of D LLC d/b/a Joseph Airport Hyundai is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business at 1220 West National Road, Vandalia, Ohio, 45377, engaged in the business of buying and selling used autos and light trucks.

218.    Plaintiff Hummer of Columbus LLC d/b/a Capitol Cadillac is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business at 4300 W Dublin Granville Road, Dublin, Ohio, 43017, engaged in the business of buying and selling used autos and light trucks.

219.    Plaintiff Joseph Cadillac Saab Subaru LLC d/b/a Joseph Cadillac Subaru is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business at 7600 Industrial Road, Florence, Kentucky, 41042, engaged in the business of buying and selling used autos and light trucks.

220.    Plaintiff Williamson Cadillac Company d/b/a Williamson Cadillac is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 7815 SW 104th Street, Miami, Florida, 33156, engaged in the business of buying and selling used autos and light trucks.

221.    Plaintiff Magic City Motor Corp. d/b/a Magic City Ford is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 809 Williamson Road, Roanoke, Virginia, 24016, engaged in the business of buying and selling used autos and light trucks.

222.    Plaintiff Fleet Lease Network Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 406 Sip Avenue, Jersey City, New Jersey, 07306, engaged in the business of buying and selling used autos and light trucks.

223.    Plaintiff Sarant Cadillac Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 4339 Hempstead

Turnpike, Farmingdale, New York, 11735, engaged in the business of buying and selling used autos and light trucks.

224.    Plaintiff Carter Chevrolet Co., Inc. is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at 1228 Main Street, Manchester, Connecticut, 06040, engaged in the business of buying and selling used autos and light trucks.

225.    Plaintiff DePaula Chevrolet, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 785 Central Avenue, Albany, New York, 12206, engaged in the business of buying and selling used autos and light trucks.

226.    Plaintiff Team Precision Auto LLC d/b/a Precision Chrysler Jeep Dodge Ram is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 1341 Route 23 South, Butler, New Jersey, 07405, engaged in the business of buying and selling used autos and light trucks.

227.    Plaintiff Butler Chrysler Jeep Dodge Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 632 Glen Road, Sparta, New Jersey, 07871, engaged in the business of buying and selling used autos and light trucks.

228.    Plaintiff M&S of Pawling, Inc. d/b/a M&S of Pawling Chevrolet Buick Cadillac is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 55 Route 22, Pawling, New York, 12564, engaged in the business of buying and selling used autos and light trucks.

229.     Plaintiff Community Chevrolet Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 16408 Conneaut Lake Road, Meadville, Pennsylvania, 16355, engaged in the business of buying and selling used autos and light trucks.

230.     Plaintiff Clay Chevrolet Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 391 Providence Highway, Norwood, Massachusetts, 02062, engaged in the business of buying and selling used autos and light trucks.

231.     Plaintiff Clay Corporation d/b/a Clay Nissan is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 945 Providence Highway, Dedham, Massachusetts, 02026, engaged in the business of buying and selling used autos and light trucks.

232.     Plaintiff Clay Nissan of Newton, Inc., is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 431 Washington Street, Newton, Massachusetts, 02158, engaged in the business of buying and selling used autos and light trucks.

233.     Plaintiff Norwood Subaru, Inc., is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 842 Providence Highway, Norwood, Massachusetts, 02062, engaged in the business of buying and selling used autos and light trucks.

234.     Plaintiff Robert Chevrolet, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 236 S. Broadway,

Hicksville, New York, 11801, engaged in the business of buying and selling used autos and light trucks.

235.    Plaintiff City Motors LLC d/b/a BMW of the Main Line is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 225 Bala Avenue, Bala Cynwyd, Pennsylvania, 19004, engaged in the business of buying and selling used autos and light trucks.

236.    Plaintiff City Motors LLC d/b/a Mini of the Main Line is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 130 Montgomery Avenue, Bala Cynwyd, Pennsylvania, 19004, engaged in the business of buying and selling used autos and light trucks.

237.    Plaintiff Galesburg Nissan, Corp., is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2080 North Henderson Street, Galesburg, Illinois, 61401, engaged in the business of buying and selling used autos and light trucks.

238.    Plaintiff AMR Auto Holdings – AC, LLC d/b/a Prime Acura is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 103 Providence Highway, Walpole, Massachusetts, 02032, engaged in the business of buying and selling used autos and light trucks.

239.    Plaintiff AMR Auto Holdings - ACII LLC d/b/a Prime Acura North is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 137 Lafayette Road, North Hampton, New Hampshire, 03862, engaged in the business of buying and selling used autos and light trucks.

240.    Plaintiff AMR Auto Holdings – BG, LLC d/b/a Prime Buick GMC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1877 Washington Street, Hanover, Massachusetts, 02339, engaged in the business of buying and selling used autos and light trucks.

241.    Plaintiff AMR Auto Holdings – HD, LLC d/b/a Prime Hyundai South is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 479 Washington Street, Quincy, Massachusetts, 02169, engaged in the business of buying and selling used autos and light trucks.

242.    Plaintiff AMR Auto Holdings – HN, LLC d/b/a Prime Honda is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1575 VFW Parkway, Boston, Massachusetts, 02132, engaged in the business of buying and selling used autos and light trucks.

243.    Plaintiff AMR Auto Holdings – KH, LLC d/b/a Kia of Cape Cod is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1056 Iyannough Road, Hyannis, Massachusetts, 02601, engaged in the business of buying and selling used autos and light trucks.

244.    Plaintiff AMR Auto Holdings – MH, LLC d/b/a Prime Pre-Owned Center is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 95 Falmouth Road, Hyannis, Massachusetts, 02601, engaged in the business of buying and selling used autos and light trucks.

245.    Plaintiff AMR Auto Holdings – MW, LLC d/b/a Mercedes Benz of Westwood is a limited liability company organized and existing under the laws of the State of Delaware, with

its principal place of business at 425 Providence Highway, Westwood, Massachusetts, 02090, engaged in the business of buying and selling used autos and light trucks.

246.     Plaintiff AMR Auto Holdings – PA, LLC d/b/a Audi Westwood d/b/a Porsche of Westwood is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 420 Providence Highway, Westwood, Massachusetts, 02090, engaged in the business of buying and selling used autos and light trucks.

247.     Plaintiff AMR Auto Holdings – TH, LLC d/b/a Hyannis Toyota is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1020 Iyannough Road, Hyannis, Massachusetts, 02601, engaged in the business of buying and selling used autos and light trucks.

248.     Plaintiff AMR Auto Holdings – TO, LLC d/b/a Orleans Toyota is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 16 O'Connor Road, Orleans, Massachusetts, 02653, engaged in the business of buying and selling used autos and light trucks.

249.     Plaintiff AMR Auto Holdings – TY, LLC d/b/a Prime Toyota Boston is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1605 VFW Parkway, Boston, Massachusetts, 02132, engaged in the business of buying and selling used autos and light trucks.

250.     Plaintiff Prime Infiniti Inc. d/b/a Prime Infiniti is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 2060 Washington Street, Hanover, Massachusetts, 02339, engaged in the business of buying and selling used autos and light trucks.

251.    Plaintiff Lupo LLC d/b/a Prime Toyota Scion is a limited liability company organized and existing under the laws of the State of Maine, with its principal place of business at 783 Portland Road, Saco, Maine, 04072, engaged in the business of buying and selling used autos and light trucks.

252.    Plaintiff Saco Auto Holdings – FLMM, LLC d/b/a Prime Ford d/b/a Prime Mazda is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 857 Portland Road, Saco, Maine, 04072, engaged in the business of buying and selling used autos and light trucks.

253.    Plaintiff Saco Auto Holdings – HN, LLC d/b/a Prime Honda Saco is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 754 Portland Road, Saco, Maine, 04072, engaged in the business of buying and selling used autos and light trucks.

254.    Plaintiff Saco Auto Holdings – VW, LLC d/b/a Prime Volkswagen is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 784 Portland Road, Saco, Maine, 04072, engaged in the business of buying and selling used autos and light trucks.

255.    Plaintiff Sawdran LLC d/b/a Prime Motor Cars is a limited liability company organized and existing under the laws of the State of Maine, with its principal place of business at 137 US Route 1, Scarborough, Maine, 04072, engaged in the business of buying and selling used autos and light trucks.

256.    Plaintiff Staretz LLC d/b/a Prime Hyundai is a limited liability company organized and existing under the laws of the State of Maine, with its principal place of business

at 788 Portland Road, Saco, Maine, 04072, engaged in the business of buying and selling used autos and light trucks.

257.     Plaintiff Jack Ingram Motors, Inc. is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business at 227 Eastern Boulevard, Montgomery, Alabama, 36117, engaged in the business of buying and selling used autos and light trucks.

258.     Plaintiff Jack Ingram Motors, Inc. is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business at 217 Eastern Boulevard, Montgomery, Alabama, 36117, engaged in the business of buying and selling used autos and light trucks.

259.     Plaintiff Jack Ingram Motors, Inc. is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business at 241 Eastern Boulevard, Montgomery, Alabama, 36117, engaged in the business of buying and selling used autos and light trucks.

260.     Plaintiff Jack Ingram Motors, Inc. is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business at 255 Eastern Boulevard, Montgomery, Alabama, 36117, engaged in the business of buying and selling used autos and light trucks.

261.     Plaintiff Acton Toyota of Littleton is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 221 Great Road, Littleton, Massachusetts, 01460, engaged in the business of buying and selling used autos and light trucks.

262.     Plaintiff Yonkers Auto Outlet d/b/a Yonkers Automall is a corporation organized and existing organized under the laws of the State of New York, with its principal place of business at 1716 Central Park Avenue, Yonkers, New York, 10710, engaged in the business of buying and selling used autos and light trucks.

263.     Plaintiff Central Avenue Nissan, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1919 Central Park Avenue, Yonkers, New York, 10710, engaged in the business of buying and selling used autos and light trucks.

264.     Plaintiff Stuart Conklin Buick Inc. d/b/a Conklin Cars Hutchinson is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business at 1400 East 11th, Hutchinson, Kansas, 67501, engaged in the business of buying and selling used autos and light trucks.

265.     Plaintiff Conklin Cars Newton LLC d/b/a Conklin Cars Newton is a limited liability company organized and existing under the laws of the State of Kansas, with its principal place of business at 1500 East 3rd, Newton, Kansas, 67114, engaged in the business of buying and selling used autos and light trucks.

266.     Plaintiff Conklin Cars Salina LLC d/b/a Conklin Cars Salina is a limited liability company organized and existing under the laws of the State of Kansas, with its principal place of business at 2700 South 9th, Salina, Kansas, 67401, engaged in the business of buying and selling used autos and light trucks.

267.     Plaintiff Conklin Fangman Kansas City LLC d/b/a Conklin Fangman Kansas City is a limited liability company organized and existing under the laws of the State of

Missouri, with its principal place of business at 3200 Main Street, Kansas City, Missouri, 64111, engaged in the business of buying and selling used autos and light trucks.

268.    Plaintiff Thirteen Twenty LLC d/b/a Tate Branch Auto Plex is a limited liability company organized and existing under the laws of the State of New Mexico, with its principal place of business at 1044 North Canal Street, Carlsbad, New Mexico, 88220, engaged in the business of buying and selling used autos and light trucks.

269.    Plaintiff Thirteen Twenty LLC d/b/a Tate Branch Dodge Chrysler Jeep Ram is a limited liability company organized and existing under the laws of the State of New Mexico, with its principal place of business at 3123 North Lovington Highway, Hobbs, New Mexico, 88240, engaged in the business of buying and selling used autos and light trucks.

270.    Plaintiff Thirteen Twenty LLC d/b/a Tate Branch Dodge Chrysler Jeep Ram is a limited liability company organized and existing under the laws of the State of New Mexico, with its principal place of business at 919 South First Street, Artesia, New Mexico, 88210, engaged in the business of buying and selling used autos and light trucks.

271.    Plaintiff Shaker Valley Auto & Tire Inc. d/b/a Shaker Valley Auto & Tire is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 453 Route 4, Enfield, New Hampshire, 03748, engaged in the business of buying and selling used autos and light trucks.

272.    Plaintiff Western Motors, Inc. d/b/a Western Motor Company is a corporation organized and existing under the laws of the State of New Mexico, with its principal place of business at 1224 North Grimes, Hobbs, New Mexico, 88240, engaged in the business of buying and selling used autos and light trucks.

273.    Plaintiff Cars Unlimited of Suffolk, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 2096 Route 112, Medford, New York, 11772, engaged in the business of buying and selling used autos and light trucks.

274.    Plaintiff Axelrod Chrysler Inc. d/b/a Axelrod Autos, Inc. is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 6767 Brookpark Road, Parma, Ohio, 44129, engaged in the business of buying and selling used autos and light trucks.

275.    Plaintiff Route 59 Automobile LLC d/b/a Rockland Hyundai is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 140 West Route 59, Nanuet, New York, 10954, engaged in the business of buying and selling used autos and light trucks.

276.    Plaintiff Jeffrey Automotive Group, Inc. is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business at 30800 Gratiot, Roseville, Michigan, 48066, engaged in the business of buying and selling used autos and light trucks.

277.    Plaintiff Tamaroff Motors, Inc. d/b/a Tamaroff Honda – Nissan is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business at 28585 Telegraph Road, Southfield, Michigan, 48034, engaged in the business of buying and selling used autos and light trucks.

278.    Plaintiff Treasure Coast Imports, Inc. d/b/a Vero US 1 Nissan is a corporation organized and existing under the laws of the State of Florida, with its principal place of business

56

at 946 South US Highway 1, Vero Beach, Florida, 32962, engaged in the business of buying and selling used autos and light trucks.

279.    Plaintiff Treasure Coast Imports, Inc. d/b/a Route 60 Hyundai is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 8575 20th Street, Vero Beach, Florida, 32966, engaged in the business of buying and selling used autos and light trucks.

280.    Plaintiff Sudbay Chrysler Dodge, Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 29-35 Causeway Street, Gloucester, Massachusetts, 01930, engaged in the business of buying and selling used autos and light trucks.

281.    Plaintiff Sudbay Chevrolet-Buick-Cadillac-GMC, Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 88 Causeway Street, Gloucester, Massachusetts, 01930, engaged in the business of buying and selling used autos and light trucks.

282.    Plaintiff Axelrod Pontiac-Buick LLC d/b/a Axelrod Buick GMC is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business at 6603 Brookpark Road, Parma, Ohio, 44129, engaged in the business of buying and selling used autos and light trucks.

283.    Plaintiff The Arlington Automotive Group, Inc. d/b/a Arlington Toyota is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2095 North Rand Road, Palatine, Illinois, 60074, engaged in the business of buying and selling used autos and light trucks.

284.     Plaintiff Adjess Motors LLC d/b/a Route 46 Chevrolet is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 412 Route 46, Budd Lake, New Jersey, 07828, engaged in the business of buying and selling used autos and light trucks.

285.     Plaintiff Price Simms, Inc. d/b/a Toyota Sunnyvale is a corporation organized and existing under the laws of the State of California, with its principal place of business at 898 W. El Camino Real, Sunnyvale, California, 94087, engaged in the business of buying and selling used autos and light trucks.

286.     Plaintiff Price Cars SR LLC d/b/a Toyota Marin is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 445 Francisco Blvd F., San Rafael, California, 94901, engaged in the business of buying and selling used autos and light trucks.

287.     Plaintiff Price Simms Ford, LLC d/b/a Ford Lincoln of Fairfield is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 3050 Auto Mall Ct., Fairfield, California, 94534, engaged in the business of buying and selling used autos and light trucks.

288.     Plaintiff Grand Prix Jeep Chrysler, LLC d/b/a Grand Prix Subaru is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 500 S. Broadway, Hicksville, New York, 11801, engaged in the business of buying and selling used autos and light trucks.

289.     Plaintiff Westbury Jeep Chrysler Dodge, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 100

Jericho Turnpike, Westbury, New York, 11753, engaged in the business of buying and selling used autos and light trucks.

290.     Plaintiff Garden City Jeep Chrysler Dodge, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 283 N. Franklin Street, Hempstead, New York, 11550, engaged in the business of buying and selling used autos and light trucks.

291.     Plaintiff Levittown Ford LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 3195 Hempstead Turnpike, Levittown, New York, 11756, engaged in the business of buying and selling used autos and light trucks.

292.     Plaintiff William T. Pritchard, Inc. d/b/a Pritchard Automotive is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 304 South Cayuga Street, Ithaca, New York, 14851, engaged in the business of buying and selling used autos and light trucks.

293.     Plaintiff Habberstad Nissan, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 325 Lake Avenue, St. James, New York, 11780, engaged in the business of buying and selling used autos and light trucks.

294.     Plaintiff Habberstad Volkswagen Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 838 E Jericho Turnpike, Huntington Station, New York, 11746, engaged in the business of buying and selling used autos and light trucks.

295.     Plaintiff Bob Bell Ford is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 7125 Ritchie Highway, Glen Burnie, Maryland, 21061, engaged in the business of buying and selling used autos and light trucks.

296.     Plaintiff Bob Bell Chevrolet-Nissan, Inc. d/b/a Bob Bell Nissan is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 7900 Eastern Avenue, Baltimore, Maryland, 21224, engaged in the business of buying and selling used autos and light trucks.

297.     Plaintiff Bob Bell Chevrolet-Nissan, Inc. d/b/a Bob Bell Chevrolet of Baltimore is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 1 Kane Street, Baltimore, Maryland, 21224, engaged in the business of buying and selling used autos and light trucks.

298.     Plaintiff Bob Bell Chevrolet of Bel Air, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 1230 Bel Air Road, Bel Air, Maryland, 21014, engaged in the business of buying and selling used autos and light trucks.

299.     Plaintiff Huntington Jeep Chrysler Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1220 E Jericho Turnpike, Huntington, New York, 11743, engaged in the business of buying and selling used autos and light trucks.

300.     Plaintiff Huntington Hyundai, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1221 E. Jericho Turnpike, Huntington, New York, 11743, engaged in the business of buying and selling used autos and light trucks.

301.     Plaintiff Yonkers Auto Outlet Inc. d/b/a Yonkers Kia is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1840 Central Park Avenue, Yonkers, New York, 10710, engaged in the business of buying and selling used autos and light trucks.

302.     Plaintiff Hoehn Motors Inc. d/b/a Hoehn Motors is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5475 Car Country Drive, Carlsbad, California, 92008, engaged in the business of buying and selling used autos and light trucks.

303.     Plaintiff Hoehn Motors Inc. d/b/a Hoehn Acura is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5556 Paseo Del Norte, Carlsbad, California, 92008, engaged in the business of buying and selling used autos and light trucks.

304.     Plaintiff Hoehn Motors Inc. d/b/a Hoehn Audi is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5215 Car Country Drive, Carlsbad, California, 92008, engaged in the business of buying and selling used autos and light trucks.

305.     Plaintiff Hoehn Motors, Inc. d/b/a Hoehn Porsche is a corporation organized and existing under the laws of the State of California, with its principal place of business at 6800 Avenida Encinas, Carlsbad, California, 92011, engaged in the business of buying and selling used autos and light trucks.

306.     Plaintiff Hoehn Motors Inc. d/b/a Hoehn Infiniti is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5245 Car

Country Drive, Carlsbad, California, 92008, engaged in the business of buying and selling used autos and light trucks.

307.    Plaintiff The Hoehn Company, Inc. d/b/a Hoehn Honda is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5454 Paseo Del Norte, Carlsbad, California, 92008, engaged in the business of buying and selling used autos and light trucks.

308.    Plaintiff Hoehn JLR Inc. d/b/a Jaguar Land Rover Carlsbad is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5550 Paseo Del Norte, Carlsbad, California, 92008, engaged in the business of buying and selling used autos and light trucks.

309.    Plaintiff Hoehn Buick GMC Cadillac, Inc. d/b/a Hoehn Buick GMC Cadillac is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5334 Paseo Del Norte, Carlsbad, California, 92008, engaged in the business of buying and selling used autos and light trucks.

310.    Plaintiff Hyundai of White Plains LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 130 Westchester Avenue, White Plains, New York, 10601, engaged in the business of buying and selling used autos and light trucks.

311.    Plaintiff Durand Chevrolet Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 223 Washington Street, Hudson, Massachusetts, 01749, engaged in the business of buying and selling used autos and light trucks.

312.   Plaintiff Diehl Automotive of Robinson, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 258 Pittsburgh Road, Butler, Pennsylvania, 16002, engaged in the business of buying and selling used autos and light trucks.

313.   Plaintiff L.T. Begnal Motor Company Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 515 Albany Avenue, Kingston, New York, 12401, engaged in the business of buying and selling used autos of light trucks.

314.   Plaintiff Wayne Motors, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1910 State Route 23, Wayne, New Jersey, 07470, engaged in the business of buying and selling used autos and light trucks.

315.   Plaintiff Manfredi Auto LLC d/b/a Manfredi Mitsubishi is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 1581 Hylan Boulevard, Staten Island, New York, 10306, engaged in the business of buying and selling used autos and light trucks.

316.   Plaintiff Manfredi Motors, Inc. d/b/a Manfredi Kia is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1581 Hylan Boulevard, Staten Island, New York, 10306, engaged in the business of buying and selling used autos and light trucks.

317.   Plaintiff Manfredi Cadillac, Inc. d/b/a Manfredi Hyundai is a corporation organized and existing under the laws of the State of New York, with its principal place of

business at 1527 Hylan Boulevard, Staten Island, New York, 10305, engaged in the business of buying and selling used autos and light trucks.

318.    Plaintiff Manfredi Chrysler Jeep & Dodge, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 1239 Hylan Boulevard, Staten Island, New York, 10305, engaged in the business of buying and selling used autos and light trucks.

319.    Plaintiff SI Safe Auto, LLC d/b/a Manfredi Mazda is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 1581 Hylan Boulevard, Staten Island, New York, 10305, engaged in the business of buying and selling used autos and light trucks.

320.    Plaintiff Major World Chevrolet, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 43-40 Northern Boulevard, Long Island City, New York, 11101, engaged in the business of buying and selling used autos and light trucks.

321.    Plaintiff Bronx Ford, Inc. d/b/a City World Ford is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3305 Boston Road, Bronx, New York, 10469, engaged in the business of buying and selling used autos and light trucks.

322.    Plaintiff City World Motors, LLC d/b/a City World Toyota Scion is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 3333 Boston Road, Bronx, New York, 10469, engaged in the business of buying and selling used autos and light trucks.

323.     Plaintiff R&M Marketing, Inc. d/b/a Maaliki Motors is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 709 South Havana Street, Aurora, Colorado, 80012, engaged in the business of buying and selling used autos and light trucks.

324.     Plaintiff Hillside Auto Mall, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 235 Glen Cove Rode, Greenvale, New York, 11548, engaged in the business of buying and selling used autos and light trucks.

325.     Plaintiff Bergstrom Chevrolet-Cadillac-Buick-GMC Truck, Inc. d/b/a Bergstrom Neenah GM is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 150 N. Green Bay Road, Neenah, Wisconsin, 54956, engaged in the business of buying and selling used autos and light trucks.

326.     Plaintiff Bergstrom Chevrolet Cadillac, Inc. d/b/a Appleton Chevrolet Cadillac is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 2245 W. College Avenue, Appleton, Wisconsin, 54914, engaged in the business of buying and selling used autos and light trucks.

327.     Plaintiff Bergstrom Buick-GMC Truck, Inc. d/b/a Appleton Buick GMC is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 900 S. Nicolet Road, Appleton, Wisconsin, 54914, engaged in the business of buying and selling used autos and light trucks.

328.     Plaintiff Bergstrom Chevrolet-Cadillac-Buick-GMC Truck, Inc. d/b/a Bergstrom Oshkosh GM is a corporation organized and existing  under the laws of the State of Wisconsin,

with its principal place of business at 355 N. Washburn Street, Oshkosh, Wisconsin, 54904, engaged in the business of buying and selling used autos and light trucks.

329.    Plaintiff Bergstrom Chevrolet of Milwaukee, Inc. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 11100 West Metro Auto Mall, Milwaukee, Wisconsin, 53224, engaged in the business of buying and selling used autos and light trucks.

330.    Plaintiff Bergstrom Cadillac Inc. d/b/a Madison Cadillac is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 1200 Applegate Road, Madison, Wisconsin, 53713, engaged in the business of buying and selling used autos and light trucks.

331.    Plaintiff Bergstrom Cadillac of Green Bay, Inc. d/b/a Bergstrom Cadillac GMC of Green Bay is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 310 N. Taylor Street, Green Bay, Wisconsin, 54303, engaged in the business of buying and selling used autos and light trucks.

332.    Plaintiff Bergstrom Kaukauna, Inc. d/b/a Bergstrom Kaukauna is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 2929 Lawe Street, Kaukauna, Wisconsin, 54130, engaged in the business of buying and selling used autos and light trucks.

333.    Plaintiff Bergstrom Ford – Lincoln of Neenah, Inc. d/b/a Bergstrom Ford of Neenah is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 525 S. Green Bay Road, Neenah, Wisconsin, 54956, organized and engaged in the business of buying and selling used autos and light trucks.

334.     Plaintiff Bergstrom Ford of Oshkosh, Inc. d/b/a Bergstrom Ford of Oshkosh is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3355 Jackson Street, Oshkosh, Wisconsin, 54901, organized and engaged in the business of buying and selling used autos and light trucks.

335.     Plaintiff Bergstrom Luxury Imports of the Fox Valley, Inc. d/b/a Appleton Lexus is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3060 Victory Lane, Appleton, Wisconsin, 54913, engaged in the business of buying and selling used autos and light trucks.

336.     Plaintiff Bergstrom Premier Motorcars, Inc. d/b/a Bergstrom Premier Land Rover Jaguar Volvo Saab is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3030 Victory Lane, Appleton, Wisconsin, 54913, engaged in the business of buying and selling used autos and light trucks.

337.     Plaintiff Enterprise Motorcars, Inc. d/b/a Enterprise Motorcars BMW Mercedes Benz is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3002 Victory Lane, Appleton, Wisconsin, 54913, engaged in the business of buying and selling used autos and light trucks.

338.     Plaintiff Bergstrom Victory Lane, Inc. d/b/a Mini of Fox Valley is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 2986 Victory Lane, Appleton, Wisconsin, 54913, engaged in the business of buying and selling used autos and light trucks.

339.     Plaintiff Bergstrom Converters Drive, Inc. d/b/a Bergstrom Acura of Appleton is a corporation organized and existing under the laws of the State of Wisconsin, with its principal

place of business at 2910 N. Victory Lane, Appleton, Wisconsin, 54913, engaged in the business of buying and selling used autos and light trucks.

340.    Plaintiff Victory Lane Imports, Inc. d/b/a Bergstrom Imports on Victory Lane Audi VW Mazda Mitsubishi Hyundai is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3023 Victory Lane, Appleton, Wisconsin, 54913, engaged in the business of buying and selling used autos and light trucks.

341.    Plaintiff Victory Lane Imports, Inc. d/b/a Bergstrom Nissan of Appleton is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3027 Victory Lane, Appleton, Wisconsin, 54913, engaged in the business of buying and selling used autos and light trucks.

342.    Plaintiff Bergstrom of the Fox Valley, Inc. d/b/a Bergstrom Honda Subaru of Oshkosh is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3285 S. Washburn Street, Oshkosh, Wisconsin, 54904, engaged in the business of buying and selling used autos and light trucks.

343.    Plaintiff Bergstrom of the Fox Valley, Inc. d/b/a Bergstrom Nissan of Oshkosh is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3265 S. Washburn Street, Oshkosh, Wisconsin, 54904, engaged in the business of buying and selling used autos and light trucks.

344.    Plaintiff Bergstrom Imports, Inc. d/b/a Bergstrom Toyota Scion is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3245 S. Washburn Street, Oshkosh, Wisconsin, 54904, engaged in the business of buying and selling used autos and light trucks.

345.     Plaintiff Beck Automotive Group is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 146 Comfort Road, Palatka, Florida, 32177, engaged in the business of buying and selling used autos and light trucks.

346.     Plaintiff Lyle's Auto LLC is a limited liability company organized and existing under the laws of the State of West Virginia, with its principal place of business at 1451 Main Street, Follansbee, West Virginia, 260367, engaged in the business of buying and selling used autos and light trucks.

347.     Plaintiff Cold Brook Auto, Inc. d/b/a Cold Brook Saab is a corporation organized and existing under the laws of the State of Maine, with its principal place of business at 337 Madison Avenue, Skowhegan, Maine, 04976, engaged in the business of buying and selling used autos and light trucks.

348.     Plaintiff Imports Service Center, Inc. d/b/a Gary Small Saab is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business at 1940 SE 82nd Avenue, Portland, Oregon, 97216, engaged in the business of buying and selling used autos and light trucks.

349.     Plaintiff Garcia Asia – Pacific Motors LLC d/b/a Garcia Kia is a limited liability company organized and existing under the laws of the State of New Mexico, with its principal place of business at 7300 Lomas Boulevard NE, Albuquerque, New Mexico, 87114, engaged in the business of buying and selling used autos and light trucks.

350.     Plaintiff Garcia Asia – Pacific Motors LLC d/b/a Cottonwood Kia is a limited liability company organized and existing under the laws of the State of New Mexico, with its

principal place of business at 9640 Eagle Ranch Road, Albuquerque, New Mexico, 87114, engaged in the business of buying and selling used autos and light trucks.

351.   Plaintiff Garcia Imported Cars, LLC d/b/a Garcia Subaru is a limited liability company organized and existing under the laws of the State of New Mexico, with its principal place of business at 8100 Lomas Boulevard NE, Albuquerque, New Mexico, 87110, engaged in the business of buying and selling used autos and light trucks.

352.   Plaintiff Garcia Imports, Inc. d/b/a Garcia Honda is a corporation organized and existing under the laws of the State of New Mexico, with its principal place of business at 8301 Lomas Boulevard NE, Albuquerque, New Mexico, 87110, engaged in the business of buying and selling used autos and light trucks.

353.   Plaintiff Garcia Motorcars LLC d/b/a Uptown Volkswagen is a limited liability company organized and existing under the laws of the State of New Mexico, with its principal place of business at 8201 Lomas Boulevard NE, Albuquerque, New Mexico, 87110, engaged in the business of buying and selling used autos and light trucks.

354.   Plaintiff Pruitt Ford LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 912 Sheppard Road, Burkburnett, Texas, 76354, engaged in the business of buying and selling used autos and light trucks.

355.   Plaintiff Howard Wilson Chrysler Jeep, Inc. d/b/a Howard Wilson Chrysler Jeep is a corporation organized and existing under the laws of the State of Mississippi, with its principal place of business at 4000 Lakeland Drive, Flowood, Mississippi, 39232, engaged in the business of buying and selling used autos and light trucks.

70

356.     Plaintiff Richard Lundgren Inc. d/b/a Lundgren Honda of Auburn is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 163 Washington Street, Auburn, Massachusetts, 01501, engaged in the business of buying and selling used autos and light trucks.

357.     Plaintiff Port Motors Lincoln Mercury, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1036 Northern Boulevard, Roslyn, New York, 11576, engaged in the business of buying and selling used autos and light trucks.

358.     Plaintiff Best Auto Outlet, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 239-50 Jericho Turnpike, Floral Park, New York, 11001, engaged in the business of buying and selling used autos and light trucks.

359.     Plaintiff Baron Nissan Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 235 Glen Cove Road, Greenvale, New York, 11548, engaged in the business of buying and selling used autos and light trucks.

360.     Plaintiff Sunrise Auto Mall Inc. d/b/a Baron Auto Outlet is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 185 E. Sunrise Highway, Freeport, New York, 11521, engaged in the business of buying and selling used autos and light trucks.

361.     Plaintiff Port Motors, Incorporated is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 267 N. Military Trail, West Palm Beach, Florida, 33415, engaged in the business of buying and selling used autos and light trucks.

362.     Plaintiff Poquoson Motors, Inc. d/b/a Pomoco Chrysler Jeep Dodge Ram of Hampton is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business at 4116 W. Mercury Boulevard, Hampton, Virginia, 23666, engaged in the business buying and selling used autos and light trucks.

363.     Plaintiff Coliseum Lincoln Mercury, Inc. d/b/a Pomoco Nissan is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business at 1134 W. Mercury Boulevard, Hampton, Virginia, 23666, engaged in the business of buying and selling used autos and light trucks.

364.     Plaintiff Merrimac Motors, Inc. d/b/a Pomoco Chrysler Dodge Jeep Ram of Newport News is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business at 12629 Jefferson Avenue, Newport News, Virginia, 23602, engaged in the business of buying and selling used autos and light trucks.

365.     Plaintiff NextMotors Corporation d/b/a CK Enterprises Oakland Mitsubishi is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2500 Webster Street, Oakland, California, 94612, engaged in the business of buying and selling used autos and light trucks.

366.     Plaintiff AutoBranch South FL, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 1300 S. Federal Highway, Fort Lauderdale, Florida, 33316, engaged in the business of buying and selling used autos and light trucks.

367.     Plaintiff Dick DeVoe Buick-Cadillac Inc. d/b/a DeVoe Buick GMC Subaru is a corporation organized and existing under the laws of the State of Florida, with its principal place

of business at 1411 Solana Road, Naples, Florida, 31403, engaged in the business of buying and selling used autos and light trucks.

368.     Plaintiff Dick DeVoe Buick-Cadillac Inc. d/b/a DeVoe Cadillac is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at  4100 Tamiami Trail, Naples, Florida, 31403, engaged in the business of buying and selling used autos and light trucks.

369.     Plaintiff Crossroads Ford Lincoln, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1070 Versailles Road, Frankfort, Kentucky, 40601, engaged in the business of buying and selling used autos and light trucks.

370.     Plaintiff Paul Miller Performance LLC d/b/a Paul Miller BMW is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 1515 Route 23 South, Wayne, New Jersey, 07470, engaged in the business of buying and selling used autos and light trucks.

371.     Plaintiff Paul Miller AWD LLC d/b/a Paul Miller Subaru is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 3469 Route 46 East, Parsippany, New Jersey, 07054, engaged in the business of buying and selling used autos and light trucks.

372.     Plaintiff Paul Miller Motors LLC d/b/a Paul Miller Honda of West Caldwell is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 1170 Bloomfield Avenue, West Caldwell, New Jersey, 07006, engaged in the business of buying and selling used autos and light trucks.

373.    Plaintiff Paul Miller Sportscars Inc. d/b/a Paul Miller Porsche is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 250 Route 46 West, Parsippany, New Jersey, 07054, engaged in the business of buying and selling used autos and light trucks.

374.    Plaintiff Paul Miller Bernardsville LLC d/b/a Paul Miller Volkswagen is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 112 & 118 Morristown Road, Bernardsville, New Jersey, 07924, engaged in the business of buying and selling used autos and light trucks.

375.    Plaintiff Paul Miller Inc. d/b/a Paul Miller Audi is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 179 Route 46 East, Parsippany, New Jersey, 07054, engaged in the business of buying and selling used autos and light trucks.

376.    Plaintiff Land Rover of Parsippany Inc. d/b/a Land Rover of Parsippany is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 189 Route 46 East, Parsippany, New Jersey, 07054, engaged in the business of buying and selling used autos and light trucks.

377.    Plaintiff Paul Miller GT Inc. d/b/a Bentley Parsippany d/b/a Paul Miller Rolls-Royce is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 250 Route 46 West, Parsippany, New Jersey, 07054, engaged in the business of buying and selling used autos and light trucks.

378.    Plaintiff R. Santilli Automotive Group, Inc. d/b/a Village Saab is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of

business at 30 Main Street, Acton, Massachusetts, 01720, engaged in the business of buying and selling used autos and light trucks.

379.    Plaintiff Santilli Enterprises Inc. d/b/a Village Subaru is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 61 Powdermill Road, Acton, Massachusetts, 01720, engaged in the business of buying and selling used autos and light trucks.

380.    Plaintiff Brentlineger Enterprises d/b/a MAG Audi d/b/a Midwestern Audi Group is a general partnership organized and existing under the laws of the State of Ohio, with its principal place of business at 6335 Perimeter Loup Road, Dublin, Ohio, 43017, engaged in the business of buying and selling used autos and light trucks.

381.    Plaintiff Brentlinger Enterprises d/b/a MAG BMW d/b/a MAG Mini is a general partnership organized and existing under the laws of the State of Ohio, with its principal place of business at 5016 Post Road, Dublin, Ohio, 43017, engaged in the business of buying and selling used autos and light trucks.

382.    Plaintiff Brentlinger Enterprises d/b/a MAG Ferrari d/b/a MAG Maserati is a general partnership organized and existing under the laws of the State of Ohio, with its principal place of business at 5035 Post Road, Dublin, Ohio, 43017, engaged in the business of buying and selling used autos and light trucks.

383.    Plaintiff Brentlinger Enterprises d/b/a Land Rover Dublin is a general partnership organized and existing under the laws of the State of Ohio, with its principal place of business at 6325 Perimeter Loop Road, Dublin, Ohio, 43017, engaged in the business of buying and selling used autos and light trucks.

384.     Plaintiff Baron Auto Maxx, Inc. d/b/a Baron Honda is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 17 Medford Avenue, Patchogue, New York, 11772, engaged in the business of buying and selling used autos and light trucks.

385.     Plaintiff DTC Corp. d/b/a Car Vision is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1001 West Ridge Pike, Conshohocken, Pennsylvania, 19428, engaged in the business of buying and selling used autos and light trucks.

386.     Plaintiff ADA Motors Inc. d/b/a Burien Toyota Scion is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 15025 First Avenue South, Burien, Washington, 98148, engaged in the business of buying and selling used autos and light trucks.

387.     Plaintiff Burien Chevrolet Inc. is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 14400 First Avenue, Burien, Washington, 98168, engaged in the business of buying and selling used autos and light trucks.

388.     Plaintiff Ralph Automotive Inc. d/b/a Ralph Honda is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3939 West Ridge Road, Rochester, New York, 14626, engaged in the business of buying and selling used autos and light trucks.

389.     Plaintiff Champaign Motors Inc. d/b/a Champaign Chrysler Dodge Jeep Ram is a corporation organized and existing under the laws of the State of Illinois, with its principal place

of business at 1409 Moreland Boulevard, Champaign, Illinois, 61822, engaged in the business of buying and selling used autos and light trucks.

390.    Plaintiff Taylor Chrysler Dodge Inc. d/b/a Taylor Chrysler Dodge Jeep Ram is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 1497 North Route 50, Bourbonnais, Illinois, 60914, engaged in the business of buying and selling used autos and light trucks.

391.    Plaintiff E.M. Rinehart Inc. d/b/a Gray Chrysler Dodge Jeep Ram is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1875 West Main Street, PO Box 71, Stroudsburg, Pennsylvania, 18360, engaged in the business of buying and selling used autos and light trucks.

392.    Plaintiff Rine Motors Inc. d/b/a Gray Chevrolet Cadillac is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1245 North Ninth Street, PO Box 313, Stroudsburg, Pennsylvania, 18360, engaged in the business of buying and selling used autos and light trucks.

393.    Plaintiff Pleasant Valley Motors Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1726 Route 209, PO Box 777, Brodheadsville, Pennsylvania, 18322, engaged in the business of buying and selling used autos and light trucks.

394.    Plaintiff Multi Chevrolet, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 2675 US Highway 22 W, Union, New Jersey, 07083, engaged in the business of buying and selling used autos and light trucks.

395.     Plaintiff Multi Subaru LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 2685 US Highway 22 W, Union, New Jersey, 07083, engaged in the business of buying and selling used autos and light trucks.

396.     Plaintiff Dijos Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1249 North 9th Street, PO Box 231, Stroudsburg, Pennsylvania, 18360, engaged in the business of buying and selling used autos and light trucks.

397.     Plaintiff Plaza Motors of Brooklyn, Inc. d/b/a Plaza Honda d/b/a Plaza Hyundai is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2699 Nostrand Avenue, Brooklyn, New York, 11210, engaged in the business of buying and selling used autos and light trucks.

398.     Plaintiff Plaza Oldsmobile, LTD d/b/a Plaza Toyota is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2721 Nostrand Avenue, Brooklyn, New York, 11210, engaged in the business of buying and selling used autos and light trucks.

399.     Plaintiff Crystal Bay Imports, LTD d/b/a Acura of Brooklyn is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2751 Nostrand Avenue, Brooklyn, New York, 11210, engaged in the business of buying and selling used autos and light trucks.

400.     Plaintiff Balise C, LLC d/b/a Balise Chevrolet of Warwick is a limited liability company organized and existing under the laws of the State of Rhode Island, with its principal

place of business at 1338 Post Road, Warwick, Rhode Island, 02888, engaged in the business of buying and selling used autos and light trucks.

401.    Plaintiff Balise Motor Sales Company d/b/a Balise Chevrolet Buick GMC is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 440 Hall of Fame Avenue, Springfield, Massachusetts, 01105, engaged in the business of buying and selling used autos and light trucks.

402.    Plaintiff Ford of Hyannis, Inc. d/b/a Balise Ford of Hyannis is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 90 High School Road Ext., Hyannis, Massachusetts, 02601, engaged in the business of buying and selling used autos and light trucks.

403.    Plaintiff Balise FOW, Inc. d/b/a Balise Ford of Wilbraham is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 1979 Boston Road, Wilbraham, Massachusetts, 01095, engaged in the business of buying and selling used autos and light trucks.

404.    Plaintiff Balise Motor Sales Company d/b/a Balise Honda is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 400 Riverdale Street, West Springfield, Massachusetts, 01089, engaged in the business of buying and selling used autos and light trucks.

405.    Plaintiff Cape Hy, Inc. d/b/a Balise Hyundai of Cape Cod is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 556 Yarmouth Road, Hyannis, Massachusetts, 02601, engaged in the business of buying and selling used autos and light trucks.

406. Plaintiff Balise Hy, Inc. d/b/a Balise Hyundai is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 683 E. Columbus Avenue, Springfield, Massachusetts, 01105, engaged in the business of buying and selling used autos and light trucks.

407. Plaintiff BLS, Inc. d/b/a Balise Lexus is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 1385 Riverdale Street, West Springfield, Massachusetts, 01089, engaged in the business of buying and selling used autos and light trucks.

408. Plaintiff Balise Motor Sales Company d/b/a Balise Mazda is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 635 Riverdale Street, West Springfield, Massachusetts, 01089, engaged in the business of buying and selling used autos and light trucks.

409. Plaintiff R&J Nissan, LLC d/b/a Balise Nissan of Cape Cod is a limited liability company organized and existing under the laws of the State of Massachusetts, with its principal place of business at 322 Falmouth Road, Hyannis, Massachusetts, 02601, engaged in the business of buying and selling used autos and light trucks.

410. Plaintiff Balise N, LLC d/b/a Balise Nissan is a limited liability company organized and existing under the laws of the State of Rhode Island, with its principal place of business at 1350 Post Road, Warwick, Rhode Island, 02888, engaged in the business of buying and selling used autos and light trucks.

411. Plaintiff Balise JRN, Inc. d/b/a Jerry Rome Nissan is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 500

Riverdale Street, West Springfield, Massachusetts, 01089, engaged in the business of buying and selling used autos and light trucks.

412.    Plaintiff Balise Subaru Inc. d/b/a Balise Subaru is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business at 1300 Post Road, Warwick, Rhode Island, 02888, engaged in the business of buying and selling used autos and light trucks.

413.    Plaintiff Balise T, LLC d/b/a Balise Toyota of Warwick is a limited liability company organized and existing under the laws of the State or Rhode Island, with its principal place of business at 1400 Post Road, Warwick, Rhode Island, 02888, engaged in the business of buying and selling used autos and light trucks.

414.    Plaintiff BTLS, Inc. d/b/a Balise Toyota is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 1399 Riverdale Street, West Springfield, Massachusetts, 01089, engaged in the business of buying and selling used autos and light trucks.

415.    Plaintiff Balise V., Inc d/b/a Balise Volkswagen is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business at 525 Quaker Lane Route 2, West Warwick, Rhode Island, 02893, engaged in the business of buying and selling used autos and light trucks.

416.    Plaintiff R&J Nissan, LLC d/b/a Ready Credit Used Cars is a limited liability company organized and existing under the laws of the State or Rhode Island, with its principal place of business at 32 Corporation Street, Hyannis, Massachusetts, 02601, engaged in the business of buying and selling used autos and light trucks.

417. Plaintiff Balise Motor Sales Company d/b/a Ready Credit Used Cars is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 603 East Columbus Avenue, Springfield, Massachusetts, 01105, engaged in the business of buying and selling used autos and light trucks.

418. Plaintiff Dralle Chevrolet & Buick, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 101 N. Harlem Avenue, Peotone, Illinois, 60468, engaged in the business of buying and selling used autos and light trucks.

419. Plaintiff Dralle Chevrolet Buick GMC Cadillac, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 1090 E. Walnut Street, Watseka, Illinois, 60970, engaged in the business of buying and selling used autos and light trucks.

420. Plaintiff Ontario Nissan Inc. d/b/a Metro Nissan of Montclair is a corporation organized and existing under the laws of the State of California, with its principal place of business at 9440 Autoplex Drive, Montclair, California, 91763, engaged in the business of buying and selling used autos and light trucks.

421. Plaintiff Nissan of Fontana Inc. d/b/a Nissan of San Bernardino is a corporation organized and existing under the laws of the State of California, with its principal place of business at 935 West Showcase Drive, San Bernardino, California, 92408, engaged in the business of buying and selling used autos and light trucks.

422. Plaintiff Redlands Automotive Services Inc. d/b/a Metro Nissan of Redlands is a corporation organized and existing under the laws of the State of California, with its principal

place of business at 16665 Industrial Park Avenue, Redland, California, 92374, engaged in the business of buying and selling used autos and light trucks.

423.     Plaintiff Dutchess Cars, LLC d/b/a Friendly Honda is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 1143 Dutchess Turnpike, Poughkeepsie, New York, 12603, engaged in the business of buying and selling used autos and light trucks.

424.     Plaintiff Automotive Avenues, LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 5011 Route 33/Route 34, Wall Township, New Jersey, 07727, engaged in the business of buying and selling used autos and light trucks.

425.     Plaintiff Phoenix Motor Company is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 225 West Indian School Road, Phoenix, Arizona 85013, engaged in the business of buying and selling used autos and light trucks.

426.      Plaintiff Mercedes Benz of Arrowhead is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 9260 W. Bell Road, Peoria, Arizona 85382, engaged in the business of buying and selling used autos and light trucks.

427.     Plaintiff Adee Motor Cars, LLC d/b/a Middletown Honda is a limited liability corporation organized and existing under the laws of the State of New York, with its principal place of business at 520 Route 211 East, Middletown, New York, engaged in the business of buying and selling used autos and light trucks.

428.     Plaintiff DeNooyer Chevrolet, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 127 Wolf Road,

Albany, New York 12205, engaged in the business of buying and selling used autos and light trucks.

429.    Plaintiff Martens Chevrolet, Inc. d/b/a Martens Chevrolet is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1050 I Street, Reedley, California 93654, engaged in the business of buying and selling used autos and light trucks.

430.    Plaintiff Thomas Sales & Service, Inc. d/b/a Subaru of Bend is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business at 2060 NE Hwy 20, Bend, Oregon 97701, engaged in the business of buying and selling used autos and light trucks.

431.    Plaintiff N & H Motors, Inc. d/b/a West Coast Auto Sales is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5180 Holt Blvd., Montclair, California 91763, engaged in the business of buying and selling used autos and light trucks.

432.    Plaintiff Transit LLC d/b/a Maple Hill VW Audi is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 5622 W. Main, Kalamazoo, Michigan, 49009, engaged in the business of buying and selling used autos and light trucks.

433.    Plaintiff Transit LLC d/b/a Maple Hill Hyundai Subaru Volvo is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 5622 W. Main, Kalamazoo, Michigan, 49009, engaged in the business of buying and selling used autos and light trucks.

434.    Plaintiff Sawyer Chrysler Dodge, Inc. d/b/a Sawyer Motors is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 166 Ulster Avenue, Saugerties, New York, 12447, engaged in the business of buying and selling used autos and light trucks.

435.    Plaintiff Carson Automotive Inc. d/b/a Carson Jeep Nissan/Carson Jeep/Carson City Nissan is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 3390 South Carson Street, Carson City, Nevada, 89701, engaged in the business of buying and selling used autos and light trucks.

436.    Plaintiff Tims Truck Capital & Auto Sales Inc. is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 904 Suncook Valley Highway, Epsom, New Hampshire, 03234, engaged in the business of buying and selling used autos and light trucks.

437.    Plaintiff Landmark Dodge Chrysler Jeep, LLC is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 6850 Mt. Zion Boulevard, Morrow, Georgia, 30260, engaged in the business of buying and selling used autos and light trucks.

438.    Plaintiff Archer Volkswagen, Inc., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 10400 SW Freeway, Houston, Texas, 77074, engaged in the business of buying and selling used autos and light trucks.

439.    Plaintiff Archer Financial Holdings Inc. d/b/a Jim Archer Chrysler Jeep is a corporation organized and existing under the laws of the State of Texas, with its principal place

of business at 19200 NW Freeway, Houston, Texas, 77065, engaged in the business of buying and selling used autos and light trucks.

440.    Plaintiff Archer Dodge Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 12053 SW Freeway, Stafford, Texas, 77477, engaged in the business of buying and selling used autos and light trucks.

441.    Plaintiff Archer Chrysler Plymouth Inc. d/b/a Archer Chrysler Plymouth/Archer Chrysler Jeep is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 11614 SW Freeway, Houston, Texas, 77031, engaged in the business of buying and selling used autos and light trucks.

442.    Plaintiff Archer Chrysler Jeep West Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 16835 Katy Freeway, Houston, Texas, 77094, engaged in the business of buying and selling used autos and light trucks.

443.    Plaintiff Archer Kia is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 11614 SW Freeway, Houston, Texas, 77031, engaged in the business of buying and selling used autos and light trucks.

444.    Plaintiff Northside Ford Truck Sales Inc. is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business at 622 NE Columbia Boulevard, Portland, Oregon, 97218, engaged in the business of buying and selling used autos and light trucks.

445.    Plaintiff Henry Valencia Inc. d/b/a Henry Valencia Chevrolet Buick GMC is a corporation organized and existing under the laws of the State of New Mexico, with its principal

place of business at 613 Paseo De Onate, Espanola, New Mexico, 87532, engaged in the business of buying and selling used autos and light trucks.

446.    Plaintiff Reydel Volkswagen, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 2034 Lincoln Highway Rte. 27, Edison, New Jersey, 08817, engaged in the business of buying and selling used autos and light trucks.

447.    Plaintiff FSW, Inc. d/b/a Frederick Chevrolet Cadillac, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1505 Quentin Road, Lebanon, Pennsylvania, 17042, engaged in the business of buying and selling used autos and light trucks.

448.    Plaintiff FSW, Inc. d/b/a Frederick Toyota is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1509 Quentin Road, Lebanon, Pennsylvania, 17042, engaged in the business of buying and selling used autos and light trucks.

449.    Plaintiff FSW, Inc. d/b/a Lancaster Pre-Owned is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1143 Manheim Pike, Lancaster, Pennsylvania, 17601, engaged in the business of buying and selling used autos and light trucks.

450.    Plaintiff FSW, Inc. d/b/a Certified Pre-Owned of Hershey is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1280 Chocolate Avenue, Hershey, Pennsylvania, 17033, engaged in the business of buying and selling used autos and light trucks.

451.     Plaintiff Frederick Chevrolet Cadillac, Inc. d/b/a Frederick Chevrolet on the Boulevard is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 6337 Roosevelt Boulevard, Philadelphia, Pennsylvania, 19149, engaged in the business of buying and selling used autos and light trucks.

452.     Plaintiff BDF Acquisitions of New Mexico d/b/a Furry's Buick GMC is a corporation organized and existing under the laws of the State of New Mexico, with its principal place of business at 2721 Cerrillos Road, Sante Fe, New Mexico, 87507, engaged in the business of buying and selling used autos and light trucks.

453.     Plaintiff Howard Auto Group, Inc. d/b/a Howard Buick GMC is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 364 West Grand Avenue, Elmhurst, Illinois, 60126, engaged in the business of buying and selling used autos and light trucks.

454.     Plaintiff J.O. Stevenson, Inc. d/b/a Stevenson Hyundai is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 2225 No. Marine Blvd., Jacksonville, North Carolina, 28546, engaged in the business of buying and selling used autos and light trucks.

455.     Plaintiff Morris Auto Plaza, Inc. is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 205 South Highway 9, Morris, Minnesota, 56267, engaged in the business of buying and selling used autos and light trucks.

456.     Plaintiff Krusemark Automotive, Inc. d/b/a Valu Ford, Valu Chrysler, Valu Ford and Chrysler is a corporation organized and existing under the laws of the State of Minnesota,

with its principal place of business at 201 Highway 9 South, Morris, Minnesota, 56267, engaged in the business of buying and selling used autos and light trucks.

457.    Plaintiff Kim Cesare Auto Sales, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 700 East Main Street, Pen Argyle, Pennsylvania, 18072, engaged in the business of buying and selling used autos and light trucks.

458.    Plaintiff Alfredo's Foreign Cars d/b/a Larchmont Chrysler Jeep Dodge is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2533 Boston Post Road, Larchmont, New York, 10538, engaged in the business of buying and selling used autos and light trucks.

459.    Plaintiff Beaver Motors, Inc. d/b/a Beaver Toyota of Sante Fe is a corporation organized and existing under the laws of the State of New Mexico, with its principal place of business at 1500 St. Michael's Drive, Sante Fe, New Mexico, 87505, engaged in the business of buying and selling used autos and light trucks.

460.    Plaintiff J.O. Stevenson, Inc. d/b/a Stevenson Hyundai is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 2225 No. Marine Blvd., Jacksonville, North Carolina, 28546, engaged in the business of buying and selling used autos and light trucks.

461.    Plaintiff J.O. Stevenson, Inc. d/b/a Stevenson Kia is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 500 W. Fairway Road, Jacksonville, North Carolina, 28546, engaged in the business of buying and selling used autos and light trucks.

462.    Plaintiff John O'Rion Stevenson, Inc. d/b/a Stevenson Chevrolet is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 758 W. Corbett Ave., Swansboro, New York, 28584, engaged in the business of buying and selling used autos and light trucks.

463.    Plaintiff J.O.S. & Associates, Inc. Stevenson Kia is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 6103 Market Street, Wilmington, North Carolina, 28405, engaged in the business of buying and selling used autos and light trucks.

464.    Plaintiff J.O.S. & Associates, Inc. Stevenson Mazda is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 6115 Market Street, Wilmington, North Carolina, 28405, engaged in the business of buying and selling used autos and light trucks.

465.    Plaintiff J.O.S., Inc. d/b/a Stevenson Honda is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 821 South College Road, Wilmington, North Carolina, 28403, engaged in the business of buying and selling used autos and light trucks.

466.    Plaintiff John O. Stevenson, Inc. d/b/a Stevenson Toyota is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 2325 North Marine Boulevard, Jacksonville, North Carolina, 28546, engaged in the business of buying and selling used autos and light trucks.

467.    Plaintiff JSBP, Inc. d/b/a Stevenson Mazda is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 2224

North Marine Boulevard, Jacksonville, North Carolina, 28546, engaged in the business of buying and selling used autos and light trucks.

468.    Plaintiff Stevenson & Associates, Inc. d/b/a Stevenson of Goldsboro is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 1309 W. Grantham Street, Goldsboro, North Carolina, 27530, engaged in the business of buying and selling used autos and light trucks.

469.    Plaintiff Stevenson Cars, Inc. d/b/a Stevenson Acura is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 821 South College Road, Wilmington, North Carolina, 28403, engaged in the business of buying and selling used autos and light trucks.

470.    Plaintiff The Symposium Group, LLC d/b/a Stevensondirect.com is a limited liability corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 5911 Market Street, Wilmington, North Carolina, 28546, engaged in the business of buying and selling used autos and light trucks.

471.    Plaintiff Thomas Subaru is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 5316 Nesconset Highway, Port Jefferson Station, New York, 11776, engaged in the business of buying and selling used autos and light trucks.

472.    Plaintiff Bartow Ford Company d/b/a Bartow Ford is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 2800 Highway 98 North, Bartow, Florida 33830 engaged in the business of buying and selling used autos and light trucks.

473.    Plaintiff FOC Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 34 Hudson Street, Annapolis, Maryland, 20879, engaged in the business of buying and selling used autos and light trucks.

474.    Plaintiff Fitzgerald Lake Forest Motors, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 907 North Frederick Avenue, Gaithersburg, Maryland, 20879, engaged in the business of buying and selling used autos and light trucks.

475.    Plaintiff Fitzgerald Buick, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 5501 Nicholson Lande, Kensington, Maryland, 20895, engaged in the business of buying and selling used autos and light trucks.

476.    Plaintiff Fitzgerald Motors, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 27418 US Highway 19N, Clearwater, Florida 33719 engaged in the business of buying and selling used autos and light trucks.

477.    Plaintiff Fitzgerald Toyota Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1436 Lincoln Way East, Chambersburg, Pennsylvania, 17202, engaged in the business of buying and selling used autos and light trucks.

478.    Defendant Carfax is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at Centreville, Virginia. Carfax is in the business, inter alia, of preparing and selling VHRs throughout the United States and foreign countries.

## IV. JOINDER

479.     Joinder of Plaintiffs' claims in this action is proper, based on the existence of questions of law and fact common to all Plaintiffs, arising out of their purchase of VHRs from Defendant Carfax at prices artificially inflated by the anticompetitive scheme alleged herein. The common questions of law and fact are:

(a)     whether the publication and sale of VHRs in the United States is a relevant market for Plaintiffs' federal antitrust claims against Carfax;

(b)     whether the publication and sale of VHRs to franchised auto dealers is a relevant submarket for Plaintiffs' federal antitrust claims against Carfax;

(c)     whether the publication and sale of VHRs to independent auto dealers is a relevant submarket for Plaintiffs' federal antitrust claims against Carfax;

(d)     whether Carfax possesses market power in the market for the publication and sale of VHRs in the United States;

(e)     whether Carfax possesses market power in the submarket for the publication and sale of VHRs to franchised auto dealers in the United States;

(f)     whether Carfax possesses market power in the submarket for the publication and sale of VHRs to independent auto dealers in the United States;

(g)     whether Carfax's exclusivity agreements with 37 of 40 auto manufacturers sponsoring CPO programs, as set forth infra at paragraphs [482-494], violate Section 3 of the Clayton Act, 15 U.S.C. § 14, Section 1 of the Sherman Act, 15 U.S.C. § 1, and/or Section 2 of the Sherman Act, 15 U.S.C. § 2;

(h)     whether Carfax's exclusivity agreements with Autotrader.com and Cars.com, as set forth infra at paragraphs [495-517], violate Section 3 of the Clayton Act, 15 U.S.C. § 14,

Section 1 of the Sherman Act, 15 U.S.C. § 1, and/or Section 2 of the Sherman Act, 15 U.S.C. § 2;

(i)      whether, as a result of market power gained, enhanced, or maintained through the anticompetitive scheme alleged herein, Carfax has set the prices Plaintiffs have paid for VHRs at inflated levels higher than would have prevailed absent the scheme;

(j)      whether Plaintiffs have been injured, inter alia, by having paid Carfax for VHRs at inflated levels through Carfax's exercise of market power;

(k)      whether such injury suffered by Plaintiffs is antitrust injury; and

(l)      whether the amount of Plaintiffs' damages may be determined by ascertaining the difference between the actual prices Plaintiffs paid Carfax for VHRs and the price at which VHRs would be sold in a competitive market free of the antitrust violations alleged herein.

480.    Plaintiffs' claims set forth herein are based on Plaintiffs' purchases of VHRs from Carfax pursuant to printed standard form contracts supplied to them by Carfax; Plaintiffs' participation in CPO programs pursuant to printed standard form contracts supplied to them by the auto manufacturer sponsoring the CPO programs; and Plaintiffs' purchase of classified listings for used autos and light trucks on Autotrader.com and Cars.com pursuant to standard form contracts supplied to them by the operators of those websites.

### V.   COMMON FACTUAL ALLEGATIONS

481.    Each Plaintiff has done one or more of the following: (a) purchased Carfax VHRs as a condition of participating in a CPO program, (b) placed classified used car listings on Autotrader.com, or (c) placed classified used car listings on Cars.com.

482.    Each Plaintiff has either purchased Carfax VHRs at a monthly flat rate for an unlimited number of vehicles or at a per vehicle rate.

483.     Information about the condition and history of used autos and light trucks offered for sale is a primary concern for both buyers and sellers. Many state and federal statutes have been enacted to alleviate problems of incomplete information about the condition and history of used autos and light trucks that are offered for sale. These statutes variously mandate state-wide and nation-wide centralized reporting of events likely to affect the quality of used autos and light trucks, such as title changes, salvage history, accident history, and odometer history.

484.     The business of preparing and selling VHRs with complete or nearly complete information on used autos and light trucks has emerged in response to the market need for information on the history and quality of used autos and light trucks offered for sale.

485.     As a consequence, in recent years a VHR from a provider of such reports for any particular used vehicle offered for sale has become indispensable to both buyers and sellers of used vehicles. The National Motor Vehicle Title Information System (NMVTIS), established under the Anti-Car Theft Act of 1992, 49 U.S.C. §§ 30501-30505, as amended, is an electronic repository of information required by law to be reported to a centralized federal database by all states, insurance carriers, and junk and salvage yards, from which NMVTIS VHRs are compiled by VIN number. NMVTIS VHRs provide information on five key indicators of the quality and condition of any used auto or light truck: (1) date of last title and name of state titling agency; (2) "brand" history applied by state titling agency, including "junk", "salvage", and "flood"; (3) odometer reading; (4) total loss history; and (5) salvage history.

486.     The NMVTIS web site (www.vehiclehistory.gov) encourages consumers shopping for used cars to obtain privately prepared VHRs containing all information required by NMVTIS supplied by any of ten NMVTIS-approved "data provider companies."

487.     Such VHRs also contain additional information not required to be included by the NMVTIS, such as vehicle repair history, recall information, and other care and maintenance data.

488.     The ten approved vendors of NMVTIS VHRs are: Auto Data Direct, Inc. (www.ADD123.com); Carfax (www.carfax.com); CheckThatVin (www.CheckThatVin.com); Computerized Vehicle Registration (www.CVRweb.com); Experian Automotive (www.AutoCheck.com); InstaVin (www.instavin.com); Motor Vehicle Software Corp. (www.mvsc.com); Rig Dig (www.rigdig.com); VinAudit (www.vinaudit.com); and VINsmart (www.VINsmart.com).

489.     Carfax is the oldest and by far the dominant provider of VHRs.

490.     Carfax supplies VHRs to more than 32,000 franchised and independent used-car dealers.

491.     Carfax was founded in 1986 by an individual and later sold to R.L. Polk & Co., a private entity that publishes information on the auto industry. On July 15, 2013, HIS, Inc. of Englewood, Colorado acquired R.L. Polk & Co. at a reported price of $1.4 billion.

492.     According to Exhibit C to the Complaint in *Experian Information Solutions, Inc. v. Carfax, Inc.*, No. 11-CV-8927 (N.D. Ill., Dec. 16, 2011), Carfax claims a nation-wide market share of 90 percent in VHRs.

493.     Experian's AutoCheck VHRs are supplied to about 13,000 franchised and independent used car dealers, who in turn furnish them to consumers shopping for used cars.

494.     Experian is a publicly-traded credit reporting agency supplying AutoCheck VHRs through its Automotive Division.

495.     AutoCheck has a market share of about ten percent of the VHRs sold in the United States.

496.     The other eight NMVTIS-approved vendors of VHRs are small, with negligible market shares.

497.     Despite significant concerns among used auto and light truck dealers about the reliability of Carfax VHRs vis-à-vis VHRs of other providers, including Experian Automotive's AutoCheck, Carfax has acquired and maintained a 90 percent market share in the sale of VHRs in the United States.

498.     Carfax charges a significantly higher price to dealers for VHRs than the price charged by other providers of VHRs.

499.     Carfax charges dealers, pursuant to an annual subscription agreement, for VHRs either on a per vehicle basis, typically $16.95 per VHR, or a flat monthly fee for an unlimited number of VHRs per dealership location.

500.      The monthly price paid by the dealer for an unlimited number of VHRs is determined by Carfax based on the average number of used autos and light trucks in the dealer's inventory. That monthly fee ranges from $899 per dealership location for some dealers, to $1,549 per dealership location for other dealers.

501.     Although dealers may purchase an unlimited number of Experian Automotive's AutoCheck VHRs for less than half the price of Carfax VHRs, relatively few do so, despite significant concerns about the reliability of Carfax VHRs, due to the anticompetitive scheme alleged herein.

502.     Carfax has acquired and maintained its 90 percent market share in the sale of VHRs in the United States, not through competition on the merits, but through an

anticompetitive scheme consisting of exclusivity provisions in long-term "partnership" agreements with other powerful entities in the auto industry. This has had the anticompetitive effect of forcing auto dealers to purchase Carfax VHRs, instead of those of Carfax's rivals, and provide them to consumers shopping for used cars.

503.    One form of such exclusivity agreement is a long-term (typically, of three years duration and renewable) agreement between Carfax and U.S.-based or foreign-based auto manufacturer sponsoring CPO (Certified Pre-Owned) vehicle sales programs. Carfax has such an agreement with the manufacturers of 37 out of about 40 brands of used vehicles sold through the manufacturers' independently-owned franchised dealers. Nearly all of Carfax's agreements with manufacturers on CPO programs are exclusive

Even those few agreements Carfax has with manufacturers on CPO programs that allow

504.    CPO programs offer consumers extended warranties on used cars certified through extensive inspection processes, and such used cars are sold at a price premium in relation to other used cars.

505.    All major auto manufacturers offer CPO programs through their networks of dealerships.

506.    Certified used cars must meet specific condition, mileage, and age restrictions to be eligible for an Original Equipment Manufacturer ("OEM") CPO program. Used vehicles that

do not meet these restrictions cannot be sold as a Certified Used Car through an OEM CPO program.

507.     If a used vehicle meets condition, mileage, and age requirements, a vehicle history check is performed to make sure the vehicle's title is unencumbered or "clean."

508.     If the VHR is clean, the vehicle is thoroughly inspected by the dealership, and any worn parts are replaced with new parts. Then the vehicle is reconditioned inside and out with the goal of making it as close to new condition as possible. The VHR and the report detailing the certified used-car inspection and reconditioning process are supplied with the vehicle at the time of sale.

509.     Pursuant to the exclusivity agreements Carfax has entered into with manufacturers for 37 of about 40 vehicle brands, the manufacturers require dealers participating in CPO programs to purchase Carfax VHRs and supply them to every consumer shopping for any particular CPO vehicle.

510.     Upon and information and belief, pursuant to these exclusivity agreements with auto manufacturers on CPO programs, Carfax provides cash or non-cash "marketing support" to the manufacturer for its CPO program. The amount of cash or non-cash "marketing support" Carfax provides to the auto manufacturers on their CPO programs is disproportionately large ███ ███████████████████████████████████████████████. Carfax's cash or non-cash marketing support is a payment to the manufacturer for ███████████████ ████████████████. Due to Carfax's market share in VHRs in relation to its competitors, no other VHR provider can profitably match Carfax's cash or non-cash "marketing support" for CPO programs.  Carfax's payments for exclusivity are rational only because they foreclose rival entry and block competition on the merits.

511. In October 2011, Carfax told one manufacturer, Subaru, that it would increase its annual cash or non-cash "marketing support" to Subaru's CPO program by at least $25,000 over a previous annual amount of $190,000, if Subaru entered into a three-year renewal of an existing long-term "partnership" agreement, rather than enter a CPO agreement with Experian for AutoCheck VHRs (Complaint Ex. C, *Experian Information Solutions, Inc. v. Carfax*, Inc., No. 11-CV-8927 (N.D. Ill., Dec. 16, 2011)).

512. The anticompetitive effect of these exclusivity agreements is to force dealers participating in CPO programs to purchase overpriced and less reliable Carfax VHRs, in spite of dealers' preferences for competitively-priced and more reliable VHRs from other sources.

513. According to Carfax's Internet website (www.carfax.com), Carfax entered such exclusive long-term "partnership" agreements on the following dates with auto manufacturers with respect to their CPO programs:

| | |
|---|---|
| Mercedes-Benz | 1998 |
| Volvo | 1999 |
| Volkswagen | 2003 |
| Audi | 2003 |
| Honda (and Acura) | 2004 |
| Toyota (and Lexus, Prius, Scion) | 2005 |
| Subaru | 2005 |
| Chrysler (and Dodge, Fiat, Jeep, Plymouth, Ram) | 2006 |
| General Motors (and Cadillac, Chevrolet, Buick, Hummer, Pontiac, Oldsmobile, Saturn) | 2007 |
| BMW (and Mini) | 2008 |

| | |
|---|---|
| Hyundai | 2009 |
| Lamborghini | 2009 |
| Kia | 2011 |
| Nissan (and Infiniti) | 2012 |
| Ford (and Lincoln, Mercury) | 2013 |

514.    Sales of CPO autos are a significant and growing segment of overall sales of used autos in the United States. Published reports indicate that 1,834,746 CPO autos were sold in 2012, more than 12 percent of the (total of 14,989,431) annual used auto sales by franchised auto dealers in the United States (www.autorermarketing.com/retail/secondstraight-year-record-cpo-sales). Since VHRs are provided for approximately 34 percent of used autos sold annually in the United States approximately or VHRs for approximately 5,100,000 vehicles in 2012, and VHRs are provided for all CPO vehicles, VHR sales for CPO vehicles amount to more than 36 percent of the VHRs sold in 2012.

515.    In spite of the contractual right of auto manufacturers ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ after an initial term of some years, Carfax's exclusive agreements with auto manufacturers on CPO programs are de facto long term exclusive agreements, for the following reasons:

(a)    Carfax's overwhelming market share;

(b)    Carfax's marketing message that it has no trustworthy competitors;

(c)    Carfax's cash and non-cash marketing support to manufacturer CPO program payments, which are payments for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████ which no other VHR provider can profitably match due to the relative market shares of Carfax and other VHR providers;

(d)     even in the rare instances in which ████████████████████████████████
████████████████████████████████████████████████████████████, the exclusive agreements between Carfax and Autotrader and Cars.com ██████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████ and,

(e)     due the cumulative nature of the foreclosure effects of Carfax's exclusivity agreements with auto manufacturers on CPO programs, and of the foreclosure effects of Carfax's exclusivity agreements with Autotrader.com and Cars.com as set forth below, switching of another VHR provider for Carfax in a manufacturer's CPO program, in Carfax's own words in October 2011 to the manufacturer Subaru, is a "gargantuan task" requiring more than six years to accomplish (Complaint Ex. C, *Experian Information Solutions, Inc. v. Carfax*, Inc., No. 11-CV-8927 (N.D. Ill., Dec. 16, 2011)):

> "Consider Nissan and Infiniti [who] have been partnered [non-exclusively] with AutoCheck for about six years. Yet despite this, 66% of Nissan vehicles and 84% of Infiniti vehicles are listed on cars.com with a Carfax report – after six years!"
> (at p. 10 of 20)

> "Switching from Carfax to Autocheck is going to be a gargantuan task, as illustrated by Nissan and Infiniti dealers. Even after six years, 84% of Infiniti CPO vehicles are listed with a Carfax report."
> (at p. 18 of 20)

516.     Another element of Carfax's anticompetitive scheme is a long-term "partnership" agreement with certain leading operators of Internet websites that provide classified listings of used autos and light trucks. Pursuant to these agreements, website operators agree to display interactive links to Carfax VHRs purchased from Carfax by sellers of used vehicles listed for sale on these websites, but not to display or interactively link VHRs from suppliers other than Carfax.

517.     Since 2005, Carfax has had such an exclusivity arrangement with the Autotrader Group, which operates an Internet website, www.Autotrader.com.

518.     Autotrader.com is a majority-owned subsidiary of Cox Enterprises. Other investors include Landmark Communications, ADP, Inc., and the venture capital firm Kleiner Perkins Canfield & Byers.

519.     The Autotrader website includes more classified listings of used vehicles than any other website, with monthly average classified listings of 3,200,000 used vehicles offered for sale from 40,000 auto dealers. Of Autotrader's monthly average of 3,200,000 vehicle listings, 77,000 are non-dealer listings, and 3,123,000 dealer listings consist of 60 percent franchised dealer listings (monthly average of 1,873,920 franchised dealer listings) and 40 percent independent dealer listings (monthly average of 1,249,280 independent dealer listings).

520.     Due to the exclusivity arrangement between Carfax and Autotrader, if a seller of a particular used vehicle listed on Autotrader has purchased a Carfax VHR for that used vehicle, the Autotrader website provides a convenient interactive link to the Carfax VHR for that vehicle to shoppers. If the seller of that used vehicle, however, has not purchased a Carfax VHR for the used vehicle, the interactive link to the VHR for the used vehicle on the Autotrader website is empty, and the shopper cannot access a VHR on the web page displaying the used vehicle. ▮

103



The combined effect of (a) Carfax's exclusivity agreements with auto manufacturers, and (b) Carfax's exclusivity agreement with Autotrader

521.

This payment from Carfax to Autotrader was Due to Carfax's market share in VHRs in relation to its much smaller competitors, no other VHR provider could profitably match in other words, a rival would have been forced to sustain losses on its VHR sales until its market share could achieve an appropriate scale. Carfax is therefore leveraging its monopoly power and dominant market share to impair rivals' ability to gain market share and obtain economies of scale.

522.     The anticompetitive effect of this exclusivity arrangement between Carfax and Autotrader is to force used car dealers, including Plaintiffs, to purchase Carfax VHRs, in spite of dealers' preferences for competitively-priced and more reliable VHRs from other sources.

523.     Inventory turnover for auto dealers ranges, in days of supply, from 45 to 60 days. From this it follows that the annual number of listings from franchised auto dealers on Autotrader is at least six to nine times the average number of listings per month (i.e., 12 months divided by 2 and 1.5 months, respectively). Using the more conservative six multiple, the monthly average of 1,873,920 listings for used cars offered by franchised dealers on Carfax reflects annual listings of at least 11,243,520 used cars by franchised dealers, or at least 75 percent of the 14,989,431 used vehicles sold in the United States in 2012 by franchised dealers. Based on the foregoing statistics, the exclusivity agreement between Carfax and Autotrader blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 75 percent of the used vehicles sold by franchised dealers in the United States in 2012.

524.     Based on the same inventory turnover, the annual number of listings from independent auto dealers on Autotrader is at least six times the monthly average of 1,249,280 listings, or annual listings of at least 7,495,680 vehicles, or at least 53 percent of 14,015,474 used vehicles sold in the United States in 2012 by independent dealers. Based on the foregoing statistics, the market the exclusivity agreement between Carfax and Autotrader blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 53 percent of the used vehicles sold by independent dealers in the United States in 2012.

525.     Based on the same inventory turnover, the annual number of listings from non-dealers on Autotrader is at least 462,000 vehicles. The total number of used vehicle listings

annually on Autotrader by franchised auto dealers, independent auto dealers, and non-dealers is thus at least 19,201,000, or at least 47 percent of 40,525,865 used vehicles sold in the United States in 2012. Based on the foregoing statistics, the exclusivity agreement between Carfax and Autotrader the market the exclusivity agreement between Carfax and Autotrader blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 47 percent of the used vehicles sold in the United States in 2012.

526.    On May 23, 2013, after the filing of this action on April 22, 2013, the Autotrader Group issued a press release announcing that it had reached an agreement with Experian Automotive, enabling auto dealers to utilize AutoCheck VHRs when merchandising their used car inventory on Autotrader.com, beginning in September 2013. The press release stated: "This non-exclusive partnership is a step designed to facilitate choice for Autotrader.com's dealer customers and allow other vehicle history report providers to work with Autotrader.com in a similar manner." ██████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████

527.    Since 2001, Carfax also has had a similar long-term exclusivity arrangement with Classified Ventures, which operates an Internet website, www.Cars.com.

528.    Classified Ventures is a joint venture of several large newspaper groups, including the Gannett Company, McClatchy Company, Washington Post Company, Tribune Company, and A.H. Belo.

529.    Classified Ventures' Cars.com is the second largest provider of classified listings of used autos and light trucks, with monthly classified listings of 2,500,000 used vehicles from 16,000 used car dealers and an undetermined number of private owners. ████████████



██████████████████████████████ The combined effect of (a) Carfax's exclusivity

agreements with auto manufacturers, ████████████████████████████

████████████████ and (b) Carfax's exclusivity agreement with Cars.com ████████

████████████████████████████

████████████ was that no VHRs of Carfax competitors appeared on the Cars.com website.

Due to the exclusivity arrangement between Carfax and Classified Ventures, if a seller of a

particular used vehicle listed on Cars.com has purchased a Carfax VHR for that used vehicle, the

Cars.com website provides a convenient interactive link to the Carfax VHR for that vehicle to

consumers shopping for that used vehicle. If the seller of that used vehicle has not purchased a

Carfax VHR for the used vehicle, the interactive link to the VHR for the used vehicle on the web

page displaying the vehicle is empty, and the shopper cannot access a VHR on the website for

the vehicle. As a result, a consumer shopping for that used vehicle is left with the impression

that the seller of that used vehicle has not purchased a VHR for the used vehicle, which is a false

impression when the seller has purchased a VHR for the used vehicle from a supplier other than

Carfax that is not displayed on the website due to the exclusivity arrangement between Carfax

and Classified Ventures.

530. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████  ████████████████████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This amount of cash Carfax

provided to Cars.com ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮. Due to Carfax's monopoly power and dominant market share in VHRs in relation to its

competitors, no other VHR provider could profitably match ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮. The foreclosure effects of Carfax's ▮▮▮▮▮▮▮▮ on auto manufacturer

CPO programs, and on the Autotrader and Cars.com websites, are cumulative. Auto dealers participating

in CPO programs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which they list on both the both the

Autotrader and Cars.com websites. Dealers also generally purchase VHRs for the remainder of their used

car inventory and list them on both the Autotrader and Cars.com websites. Absent open access to

competitive choice of VHRs from alternative providers of VHRs, free of Carfax's exclusivity agreements

complained of herein, on (a) auto manufacturer CPO programs, (b) Autotrader.com, and (c) Cars.com,

dealers will continue to be forced to purchase Carfax VHRs for their used car inventory, in spite of their

preference for better quality VHRs at more attractive prices from other VHR providers.

531. The anticompetitive effect of this exclusivity arrangement between Carfax and

the Classified Ventures is to force used car dealers, including Plaintiffs, to purchase Carfax

VHRs, in spite of dealers' preferences for competitively-priced and more reliable VHRs from

other sources.

532. As Cars.com has monthly average listings of 2,500,000 used cars (some

duplicated with listings on Autotrader.com), or 78 percent of the number of monthly average

listings on Autotrader.com, by extrapolation, the exclusivity agreement between Carfax and

Cars.com blocked Carfax's competitors from access to a very significant distribution channel for

VHRs, i.e., VHRs for at least 58 percent of the used vehicles sold by franchised dealers in the United States in 2012.

533.     As Cars.com has monthly average listings of 2,500,000 used cars (presumably some duplicated with listings on Autotrader.com), or 78 percent of the number of monthly average listings on Autotrader.com, by extrapolation, the exclusivity agreement between Carfax and Cars.com blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 41 percent of the used vehicles sold by independent dealers in the United States in 2012.

534.     As Cars.com has monthly average listings of 2,500,000 used cars (presumably some duplicated with listings on Autotrader.com), or 78 percent of the number of monthly average listings on Autotrader.com, by extrapolation, the exclusivity agreement between Carfax and Cars.com blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 36 percent of the used vehicles sold in the United States in 2012.

535.     In spite of the contractual right of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Carfax's exclusive agreements with Autotrader and Cars.com have been de facto long term exclusive agreements, for the following reasons:

(a)     Carfax's overwhelming market share;

(b)     Carfax's cash payments to Autotrader and Cars.com, ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and which are too large for any other VHR provider to profitably match due to the relative market shares of Carfax and other VHR providers; and

(c)     Autotrader did not exercise its right to terminate its long-term exclusive agreement with Carfax until after the filing of this lawsuit alleging that it was part of an antitrust violation and should be enjoined.

536.    Carfax's Internet website lists numerous additional entities in the auto industry with which it has "partnership" arrangements.

537.    Discovery in this action is likely to uncover additional anticompetitive "partnership" arrangements between Carfax and other entities in the auto industry, pursuant to which Carfax provides significant cash or non-cash "marketing support" to its "partners" in exchange for a commitment to deal exclusively with Carfax for VHRs on used autos and trucks offered for sale in the United States.

538.    The cumulative effect of Carfax's anticompetitive scheme consisting of (a) exclusivity arrangements with manufacturers of 37 of about 40 auto brands on their CPO programs, requiring participating dealers to purchase Carfax VHRs on certified vehicles and to provide them to consumers shopping for used vehicles, (b) exclusivity arrangements with the two largest websites offering classified listing of used autos and light trucks offered for sale, requiring that only Carfax VHRs purchased by sellers of vehicles and no VHRs from other VHRs providers are displayed and interactively linked on the websites, together with (c) Carfax's pricing program that offers dealers of used autos and light trucks an unlimited number of VHRs at a rate determined by the number of used vehicles in their inventory, is to force dealers of used autos and light trucks to purchase Carfax VHRs for their entire inventory of used vehicles and to provide them to consumers shopping for used vehicles, in spite of dealers preferences for competitively-priced and more reliable VHRs from other sources.

## VI. MONOPOLY POWER IN RELEVANT MARKET AND SUBMARKETS

539.    The publication and sale of VHRs in the United States is a relevant market for antitrust purposes. There is no reasonably interchangeable product or service that can be substituted for a VHR. Purchasers of VHRs would not switch to an alternative product should the price of VHR's become inflated above competitive levels.

540.    The publication and sale of VHRs to franchised auto dealers in the United States is a relevant submarket for antitrust purposes. Franchised auto dealers are a distinct and recognizable group of purchasers of VHRs for their inventory of used autos offered for sale, based on franchise agreements with auto manufacturers authorizing them to operate under the valuable trademarks of auto manufacturers and with the assistance of manufacturers' sales and marketing resources.

541.    The publication and sale of VHRs to independent auto dealers in the United States is a relevant submarket for antitrust purposes. Independent auto dealers are a distinct and recognizable group of purchasers of VHRs for their inventory of used autos offered for sale, outside of franchise agreements with auto manufacturers and their sales and marketing resources.

542.    VHRs are required by the NMVTIS to provide, at a minimum, information on five key indicators of the quality and condition of any used auto and light truck: (1) date of last title and name of state titling agency; (2) "brand" history applied by state titling agency, including "junk", "salvage", and "flood"; (3) odometer reading; (4) total loss history; and (5) salvage history. A complete used vehicle inspection by an auto mechanic is a service that may augment a VHR on a particular vehicle, but it is unlikely to uncover historical events about a used vehicle that are expected to appear on a VHR.

543.     Carfax possesses a 90 percent market share in the publication and sale of VHRs in the United States, and in the submarkets for publication and sale of VHRs in the United States to franchised auto dealers and independent auto dealers, respectively.

544.     This predominate market share in the relevant markets and submarkets, together with (a) consumer lack of familiarity with any other provider of VHR (due, in large part, to the anticompetitive scheme alleged herein), (b) Carfax's ability, without losing market share, to charge dealers a price for its VHRs that is more than double the price that AutoCheck charges dealers for a VHR which is more reliable, and (c) the existence of significant barriers to entry into the VHR marketplace indicate that Carfax possesses monopoly power in the market for the publication and sale of VHRs in the United States, and in each of the submarkets for the publication and sales of VHRs in the United States to franchised auto dealers and independent auto dealers, respectively.

545.     Monopoly power is the ability of a seller of a product or service to profitably raise prices significantly above a competitive level without loss of sales to competitors. Carfax had that power in the relevant market and each of the relevant submarkets. Carfax also had the power to exclude and impair rival entry and expansion into the relevant markets.

546.     Barriers to entry into the market for publishing and selling VHRs in the United States, and the submarkets for the publication and sales of VHRs in the United States to franchised auto dealers and independent auto dealers, respectively, include, but are not limited to:

(a)     federal and state statutes and rules requiring minimum content of VHRs (e.g., NMVTIS);

(b)     economies of scale in the collection and assembly of vast amounts of information on significant events in the history of each auto or light truck by VIN number; and

(c)     economies of scale in the marketing and provision of service and support to various entities in the auto industry needing to avail themselves of VHRs in the purchase and sale of used autos and light trucks (vehicle manufacturers, franchised dealers of vehicle manufacturers, non-franchised used auto dealers, wholesale traders of used vehicles, wholesale auction houses, and the consuming public).

## VII. MARKET FORECLOSURE AND EFFECTS OF CARFAX'S ANTICOMPETITIVE SCHEME

547.     Carfax's anticompetitive scheme has foreclosed competition in the relevant markets and markets.

548.     Carfax's long-term exclusive contracts with 37 of 40 auto manufacturers on their CPO programs has resulted in significant market foreclosure, since VHR sales for CPO vehicles amount to more than 36 percent of the market for VHRs sold on an annual basis.

549.     Carfax's long-term exclusive contracts and with Autotrader.com and Cars.com on classified used listings on their websites has resulted in significant market foreclosure, in blocking Carfax's competitors from access to sales of VHRs for at least 47.3 percent of the used cars sold annually in the United States, including at least 75 percent of the used cars sold annually in the United States by franchised auto dealers, and at least 53 percent of the used cars sold annually in the United States by independent auto dealers.

550.     The cumulative market foreclosure (i.e., the blocked distribution channels for the potential sale of VHRs) from Carfax's anticompetitive scheme has had and will continue to have the following anticompetitive effects, among others:

113

(a)     Competition in the publication and sale of VHRs in the relevant markets and submarkets has been excluded, impaired, and foreclosed by Carfax's foregoing exclusive long-term partnership agreements requiring that Carfax VHRs are the only VHRs used in nearly all auto manufacturers' CPO programs, and/or displayed on the largest websites offering classified listings of used autos and trucks offered for sale;

(b)     Competition in the publication and sale of VHRs in the relevant markets and submarkets has injured, diminishing the opportunity of Carfax's competitors to enter the markets and expand their sales, resulting in their inability to gain economies of scale and scope, raising their costs, impairing their ability to compete with Carfax, insulating Carfax's dominance on the relevant markets and submarkets from free and open competition;

(c)     Plaintiffs and other purchasers of VHRs have suffered from the reduction in choice between different providers of VHRs that would prevail in a free and competitive market for VHRs;

(d)     The quality of VHRs available to Plaintiffs and other purchasers of VHRs has been reduced from that which would prevail in a free and competitive market for VHRs;

(e)     Plaintiffs and other purchasers of VHRs have incurred increases in expenses in their business operations by being forced to pay prices for VHRs at levels artificially inflated above the price levels that would prevail in a free and competitive market for VHRs; and

(f)     The public at large has been injured in that Carfax has deprived purchasers of VHRs of the opportunity to purchase the best possible VHRs at the lowest possible prices, reduced the output of VHRs by competing providers in the relevant markets and submarkets, and deprived the public of the fullest possible choice between competing sources of VHRs in a free and competitive market.

## VIII. CLAIMS FOR RELIEF

### FIRST CLAIM

### EXCLUSIVE DEALING ARRANGEMENTS UNDER
### SECTION 3 OF THE CLAYTON ACT, 15 U.S.C. § 14

551.     Plaintiffs repeat and reallege all of the preceding allegations as if each were fully
set forth herein.

552.     Exclusive dealing arrangements are agreements requiring purchasers of any
particular product or service to purchase all of its required quantity of such products or services
from a single seller.

553.     The requirements of 37 of about 40 auto manufacturer CPO programs, pursuant
to long-term exclusive agreements between Carfax and 37 auto manufacturers, that auto dealers
participating in such programs purchase a VHR from Carfax for each vehicle qualifying as a
CPO vehicle, are unlawful exclusive dealing arrangements, in violation of Section 3 of the
Clayton Act, 15 U.S.C. § 14.

554.     The requirements of Autotrader.com and Cars.com, the two leading classified
used auto listing websites, pursuant to long-term exclusive agreements with Carfax, that only
Carfax VHRs, and not VHRs from alternative suppliers, may be displayed and interactively
linked on those websites for the use of vehicle shoppers, are unlawful exclusive dealing
arrangements in violation of Section 3 of the Clayton Act, 15 U.S.C. § 14.

555.     Carfax's exclusivity arrangements with 37 of about 40 auto manufacturers with
CPO programs, requiring auto dealers participating in such programs to purchase VHRs from
Carfax for each vehicle qualifying as a CPO vehicle, forces participating dealers to purchase
Carfax VHRs rather than VHRs from an alternative source.

556.     Carfax's exclusivity arrangements with two leading websites, requiring that only Carfax VHRs are displayed and interactively linked to shoppers in classified ads purchased by sellers of used vehicles forces sellers of used vehicles to purchase Carfax VHRs rather than VHRs from an alternative source.

557.     ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ under long-term exclusivity agreements. The amount of cash or non-cash "marketing support" Carfax provides to the auto manufacturers on their CPO programs is disproportionately large ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████ Due to Carfax's market share in VHRs in relation to its competitors, no other VHR provider can profitably match Carfax's cash or non-cash "marketing support" for CPO programs.

558.     ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████ ████████████████ Due to Carfax's market share in

VHRs in relation to its competitors, no other VHR provider could profitably match Carfax's cash

payments to Autotrader and to Cars.com ████████████████████████.

559. Carfax has substantial market power in the relevant market for the publication

and sale of VHRs in the United States, and in the relevant submarkets for the publication and

sale of VHRs to franchised auto dealers and independent auto dealers in the United States,

respectively, and a 90 percent market share in the relevant markets and submarkets. Carfax has

enhanced and maintained its substantial market power through the exclusivity agreements

alleged herein.

560. The amount of interstate commerce in used vehicles sold in 37 auto manufacturer

CPO programs affected by the foregoing exclusivity arrangements between Carfax and auto

manufacturers is not insubstantial (auto manufacturer CPO programs sold 1,834,746 used

vehicles in 2012, more than 12 percent of used car sales by franchised dealers). VHR sales for

CPO vehicles amount to more than 36 percent of the market for VHRs sold on an annual basis.

561. The amount of interstate commerce in classified listings of used vehicles on

websites affected by the foregoing exclusivity arrangements between Carfax and the Autotrader

Group and Cars.com is not insubstantial (average monthly listings of 3,200,000 used vehicles

listed on Autotrader.com and more than 2,500,000 million used vehicles listed on Cars.com).

When these monthly listings are annualized using publicly reported days' supply of used autos

between 45 and 60 days, Carfax's exclusivity agreement with Autotrader.com forecloses

competition, i.e. blocks Carfax's competitors from access to sales of VHRs for at least 75 percent

of used autos sold in the United States by franchised auto dealers, sales of VHRs for at least 53

percent of used autos sold in the United States by independent auto dealers, and sales of VHRs for at least 47 percent of overall used autos sales in the United States. By extrapolation, Carfax's exclusivity agreement with Cars.com forecloses competition, i.e, blocks Carfax's competitors from access to sales of VHRs for at least 58 percent of the used autos sold in the United States by franchised auto dealers, sales of VHRs for at least 41 percent of the used autos sold in the United States by independent auto dealers, and sales of VHRs for at least 36 percent of the used autos sold in the United States.

562.    The requirement of a participating dealer's purchase of Carfax VHRs for used vehicles in CPO programs, as opposed to VHRs from an alternative source, is not justified by the need for quality assurance in a CPO program. The same level of quality assurance could be achieved in a less restrictive fashion, i.e., the promulgation of objective quality assurance standards which alternative sources of VHRs could satisfy.

563.    The requirement of Carfax's exclusivity agreements with the Autotrader Group and with Classified Ventures, that only Carfax VHRs be displayed and interactively linked in classified listings on Autotrader.com and Cars.com, as opposed to VHRs from an alternative source, is not justified by the need for quality assurance in classified advertising. The same level of quality assurance could be achieved in a less restrictive fashion, i.e., the promulgation of objective quality assurance standards which alternative sources of VHRs could satisfy.

564.    Defendant has consciously committed to a common scheme designed to achieve an unlawful objective.

565.    The wrongful acts and conduct of Defendant as set forth above unreasonably restrain and/or restrict interstate or foreign trade or commerce in the relevant product.

566.     The wrongful actions and conduct of Defendant as set forth above suppressed competition.

567.     By reason of Defendant's violation of Section 3 of the Clayton Act, 15 U.S.C. § 14, Plaintiffs have been injured in their business and property, and are entitled to recover threefold such actual damages as the jury finds Plaintiffs to have sustained, injunctive relief, and Plaintiffs' cost of suit, including reasonable attorney's fees, pursuant to Sections 4(a) and 15 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

## SECOND CLAIM

### AGREEMENTS IN UNREASONABLE RESTRAINT OF TRADE UNDER SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1

568.     Plaintiffs repeat and reallege all of the preceding allegations as if each were fully set forth herein.

569.     The cumulative effect of Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos is to unreasonably restrain trade in the markets and submarkets for the publication and sale of VHRs in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

570.     Carfax has substantial market power in the relevant markets and submarkets for the publication and sale of VHRs in the United States, and a 90 percent market share.  Carfax has enhanced and maintained its substantial market power in the alleged relevant markets through the conduct alleged herein.

571. The effect of Carfax's (a) exclusivity arrangements with manufacturers of about 37 of about 40 auto brands on their CPO programs, requiring participating dealers to purchase Carfax VHRs on certified vehicles and to provide them to consumers shopping for used vehicles, (b) exclusivity arrangements with the two largest websites providing classified listing of used auto and light trucks offered for sale, requiring that only Carfax VHRs purchased by sellers of vehicles and no VHRs from other VHRs providers are displayed and interactively linked on the websites, and (c) pricing program that offers dealers of used autos and light trucks an unlimited number of VHRs at a rate determined by the number of used vehicles in their inventory is to force dealers of used autos and light trucks to purchase Carfax VHRs for their entire inventory of used vehicles and to provide them to consumers shopping for used vehicles, in spite of dealers' preferences for competitively-priced and more reliable VHRs from other sources.

572. The cumulative effect of Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos, decrease quality of VHRs, reduce output of VHRs, reduce choice in the selection of sources and VHRs, exclude competition from alternative sources of VHRs, and to harm consumer welfare.

573. Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos, is not justified by the need for quality assurance in CPO programs and classified auto listings. The same level of quality assurance could be

achieved in a less restrictive fashion, i.e., the promulgation of objective quality assurance standards which alternative sources of VHRs could satisfy.

574.    Defendant has consciously committed to a common scheme designed to achieve an unlawful objective.

575.    The wrongful acts and conduct of Defendant as set forth above unreasonably restrain and/or restrict interstate or foreign trade or commerce in the relevant product.

576.    The wrongful actions and conduct of Defendant as set forth above suppressed competition.

577.    By reason of Defendant's violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, Plaintiffs have been injured in their business and property, and are entitled to recover threefold such actual damages as the jury finds Plaintiffs to have sustained, injunctive relief, and Plaintiffs' cost of suit, including reasonable attorney's fees, pursuant to Sections 4(a) and 15 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

## THIRD CLAIM

## MONOPOLIZATION UNDER SECTION 2 OF THE SHERMAN ACT, 15 U.S.C. § 2

578.    Plaintiffs repeat and reallege all of the preceding allegations as if each were fully set forth herein.

579.    A market is monopolized when a party possesses monopoly power (and that monopoly power has been willfully acquired, enhanced, or maintained by anticompetitive or unnecessarily exclusionary conduct).

580.    Carfax has monopoly power in the relevant market and submarkets for the publication and sale of VHRs in the United States, and a 90 percent market share.

581.    Carfax has acquired, enhanced, and/or maintained monopoly power in the market and submarkets for the publication and sale of VHRs in the United States, not through competition on the merits, but through an anticompetitive scheme, in the form of the foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos.

582.    The cumulative effect of Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, in auto manufacturers' CPO programs and in classified listings of used autos is to raise prices on VHRs, decrease quality of VHRs, reduce output of VHRs, reduce choice in the selection of VHR sources, exclude competition from alternative VHR sources, and to harm consumer welfare.

583.    Defendant has consciously committed to a common scheme designed to achieve an unlawful objective.

584.    The wrongful acts and conduct of Defendant as set forth above unreasonably restrain and/or restrict interstate or foreign trade or commerce in the relevant product.

585.    The wrongful actions and conduct of Defendant as set forth above suppressed competition.

586.    By reason of Defendant's violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, Plaintiffs have been injured in their business and property, and are entitled to recover threefold such actual damages as the jury finds Plaintiffs to have sustained, injunctive relief, and Plaintiffs' cost of suit, including reasonable attorney's fees, pursuant to Sections 4(a) and 15 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

## FOURTH CLAIM

### ATTEMPTED MONOPOLIZATION UNDER
### SECTION 2 OF THE SHERMAN ACT, 15 U.S.C. § 2

587.    Plaintiffs repeat and reallege all of the preceding allegations as if each were fully set forth herein.

588.    An attempt to monopolize occurs when a person (a) engages in anticompetitive or unnecessarily exclusionary conduct, (b) with a specific intent to monopolize, (c) presenting a dangerous probability of achieving market power.

589.    Carfax has not engaged in competition on the merits, but pursued an anticompetitive scheme, in the form of the foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos.

590.    A specific intent to monopolize may be inferred from Carfax's anticompetitive or unnecessarily exclusionary conduct, particularly given its overwhelming market share of 90 percent in the market and submarkets for the publication and sale of VHRs in the United States.

591.    The cumulative effect of Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos is to raise prices on VHRs, decrease quality of VHRs, reduce output of VHRs, reduce choice in the selection of sources and VHRs, exclude competition from alternative sources of VHRs, and to harm consumer welfare.

592.    Carfax's foregoing anticompetitive or unnecessarily exclusionary conduct evidences, at a minimum, a dangerous probability that it will extend or maintain monopoly

power. Defendant has consciously committed to a common scheme designed to achieve an unlawful objective.

593.    The wrongful acts and conduct of Defendant as set forth above unreasonably restrain and/or restrict interstate or foreign trade or commerce in the relevant product.

594.    The wrongful actions and conduct of Defendant as set forth above suppressed competition.

595.    By reason of Defendant's violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, Plaintiffs have been injured in their business and property, and are entitled to recover threefold such actual damages as the jury finds Plaintiffs to have sustained, injunctive relief, and Plaintiffs' cost of suit, including reasonable attorney's fees, pursuant to Sections 4(a) and 15 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

## VIII. **PLAINTIFFS DEMAND A JURY TRIAL**

Plaintiffs hereby demand a jury trial, pursuant to Fed. R. Civ. P. 38(b), with respect to all issues triable of right by a jury.

## IX. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant as follows:

(a)    On the First Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(b)    On the Second Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(c)    On the Third Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(d)     On the Fourth Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(e)     On the Fifth Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(f)     That Plaintiffs recover from Defendant the costs of this suit and reasonable attorney's fees;

(g)     Plaintiffs request that Defendant be enjoined from enforcing any of the agreements complained of that are determined to have violated the federal antitrust laws, and not to enter into such agreements in the future; and

(h)     For such other relief as the Court may deem just, proper and equitable.

Dated: Mineola, New York
       October 24, 2013

Bellavia Blatt Andron & Crossett, PC

By:     _____
        Leonard A. Bellavia (LB–0780)
        Steven H. Blatt (SB–6792)
        Mark W. Gaffney (MG–5050) (Of Counsel)
        200 Old Country Road, Suite 400
        Mineola, NY 11501
        Tel.:  (516) 873-3000
        Fax:   (516) 873-9032
        E-mail: LBellavia@DealerLaw.com

        *Attorneys for Plaintiffs*

UNITED STATES DISTRICT
COURT - SOUTHERN
DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
Maxon Hyundai Mazda, NYLSI Inc. d/b/a Sunrise Toyota, et. al.,

                                               INDEX No.
                            Plaintiffs,     13-CV-2680 (AJN)-against

CARFAX, INC., a Pennsylvania Corporation,

                                      Defendant,

------------------------------------------------------------------------------X

## DECLARATION OF SERVICE

       STEVEN BLATT, an attorney admitted to practice in the courts of the State of

New York, declares pursuant to 28 U.S.C. § 1746:

    1.    I reside in the State of New York, am above the age of 18 years and not a

        party to this action.

    2.    On October 24, 2013 I served the annexed Second Amended Complaint

        dated October 24, 2013 upon:

Christopher M. Mason, Esq.
Nixon Peabody, LLP
437 Madison Avenue
New York, NY 10022

(a) via email and (b) by depositing a true copy of the above-mentioned document in a

first class postpaid, properly addressed envelope to the above-mentioned attorney  at the

address designated by him for service of papers, in an official depository under the

exclusive care and custody of the United States Postal Service within the State of New

York.

3.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  Mineola, New York
    October 24, 2013

Steven Blatt