1622 LOCUST STREET  |  PHILADELPHIA, PA 19103-6305  |  *phone* 215/875-3000  |  *fax* 215/875-4604  |  *www.bergermontague.com*

# Berger&Montague,P.C.

ATTORNEYS AT LAW

ERIC L. CRAMER    ALSO ADMITTED IN NY

WRITER'S DIRECT DIAL    215/875-3009

WRITER'S DIRECT FAX    215/875-4604

WRITER'S DIRECT E-MAIL    ecramer@bm.net

April 9, 2015

**Via ECF**

Hon. Ronald L. Ellis
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
Courtroom #11C
500 Pearl Street
New York, NY 10007-1312

Re:    *Maxon Hyundai Mazda, et al. v. Carfax, Inc.*, No. **13-cv-2680**

Dear Judge Ellis:

I write on behalf of Plaintiffs pursuant to Your Honor's Individual Practices 2.B and Local Rule 37.2 to raise a discovery issue in advance of the pre-motion conference currently scheduled for April 16, 2015, or, in the alternative, to request an additional pre-motion conference should Your Honor prefer to hear this matter at a later date.

Plaintiffs seek the Court's assistance concerning Carfax's refusal to produce documents or information in response to a number of Plaintiffs' document requests and interrogatories for the period of time relevant to this case.

As Plaintiffs allege, Carfax has unlawfully acquired and maintained its market power in the VHR market through an anticompetitive scheme involving exclusivity agreements with major auto manufacturers concerning their certified pre-owned ("CPO") programs and with Autotrader and Cars.com, the two largest websites providing classified used auto listings. (Dkt. 56 at p. 6 and ¶¶ 502-13; 517-21; 526; 527-31; 535; 538) ("Complaint"). Plaintiffs allege that Carfax entered the first exclusivity agreement in 1998 and entered additional exclusivity agreements in 1999, 2001 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2011, 2012 and 2013. (Complaint ¶¶ 513, 517, 527). The Court overruled Carfax's attacks on these allegations. (Dkt. 59).

Therefore, Plaintiffs propounded discovery requests seeking the agreements at issue, documents regarding their negotiation, efforts to enforce the exclusivity provisions therein, pricing, revenue, costs, marketing support, and the economic effect of the agreements, among other topics.[1] Carfax does not dispute these requests call for discoverable information. Based on the

---

[1] Document Request Nos. 1, 7-14, 17, 26; Interrogatories 1-7. Attached at Exhibit 1 are Carfax's responses to Plaintiffs' document requests, and attached at Exhibit 2 are Plaintiffs' interrogatories (Carfax's responses contain confidential information that would have to be filed under seal).

**Berger&Montague,P.C.**
ATTORNEYS AT LAW

dates of the agreements—the first was in 1998—Plaintiffs sought such information for the time period from 1997 to the present.[2] Carfax refuses to search for and provide any documents or responsive information prior to 2008, except for the agreements themselves.

Carfax's position has evolved. On February 12, during the parties' first meet and confer concerning discovery issues, Carfax took the position that, as a result of a systems change in 2008, it would be difficult to obtain pre-2008 information. Later, Carfax disclosed that it has paper files going back to 1998. Otherwise, Carfax has not disclosed issues or problems regarding accessibility or destruction. As Plaintiffs conveyed to Carfax, consistent with Rule 26, Plaintiffs are open to discussions regarding accessibility and burden, and working with Carfax to see whether and if burden objections can be overcome or narrowed. Carfax has failed to engage on these issues. Instead, Carfax has simply continued to reiterate its position that it will not produce information prior to 2008 on burden and relevancy grounds, and claimed, in particular, that documents and information predating the statutory antitrust damages period[3] are not relevant to Plaintiffs' claims. This frames the dispute.

Carfax has not substantiated its burden objection. For example, Carfax has failed to explain why, at a minimum, it cannot search the paper files it has. As noted, Carfax has not addressed any accessibility issues. Absent a sufficient showing of burden or disclosure of accessibility issues, Carfax's objections must be overruled without delay. Fed. R. Civ. P. 26(b)(2)(B)-(C) ("the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost"); *see also Nunez v. City of New York*, 2013 U.S. Dist. LEXIS 70812, at *9 (S.D.N.Y. May 17, 2013) ("[A] party resisting discovery has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] ... is overly broad, burdensome or oppressive, ... submitting affidavits or offering evidence revealing the nature of the burden.") (citations and internal quotations omitted); SEDONA PRINCIPLES, cmt. 2c at p.18 (2d ed. 2007) ("The Rule requires an identification sufficiently detailed to allow the requesting party to evaluate the likelihood that such sources of electronically stored information contain non-duplicative, relevant information as well as the costs and burdens associated with searching or producing electronically stored information from those sources.").

Because the information requested corresponds to the documented time period of Carfax's anticompetitive activity—namely the exclusivity agreements—the information is discoverable. Fed. R. Civ. P. 26(b)(1). Indeed, as other courts have held, the time period is narrow—and reasonable—for antitrust cases such as this. "[D]iscovery in antitrust cases routinely goes beyond the statutory period, and plaintiff is permitted to discover defendant's activities *for a reasonable period of time antedating the earliest possible date of the actionable wrong*." *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y. 1982) (internal citations and quotations omitted) (emphasis added); *see also Maritime Cinema Service Corp.*

---

[2] Document Request No. 1 seeks responsive documents from 2000 to the present.
[3] Four years prior to the filing of the Complaint, here April 23, 2009.

**Berger&Montague,P.C.**
ATTORNEYS AT LAW

Hon. Ronald L. Ellis
April 9, 2015
Page 3

*v. Movies En Route, Inc.*, 60 F.R.D. 587, 591 (S.D.N.Y. 1973) ("***Discovery in antitrust cases
routinely goes beyond the damage period***, particularly where it is necessary to establish intent or
the pattern of a conspiracy.") (citations omitted) (emphasis added); *Hillside Amusement Co. v.
Warner Bros. Pictures, Inc.*, 7 F.R.D. 260, 262 (S.D.N.Y. 1944) ("The asserted history of the
[antitrust] conspiracy and not the scope of plaintiff's damage provides the temporal boundary for
the discovery."); *Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 218 (D. Del. 1985) (plaintiff
entitled to discovery originating as early as the date when alleged conspiracy and scheme of mo-
nopolization may have begun). Discovery over this time period is directly relevant to central dis-
puted facts, including whether, when, and why Carfax began to engage in its anticompetitive
scheme, how Carfax carried out or maintained that scheme, the effects of that scheme on the
market, the degree of market foreclosure, specific intent to monopolize, among others. Pre-2008
information, in particular sales and pricing information, are also important to conducting an eco-
nomic analysis of Carfax's exclusionary conduct and its effects, which began in 1998 and wors-
ened since then.

  Carfax's refusal to search for and produce the documents called for and to answer inter-
rogatories for the entire period is not well taken. Plaintiffs request that this issue be addressed at
the pre-motion conference scheduled for April 16, 2015, or, in the alternative, at a later pre-
motion conference.

         Respectfully submitted,

         Eric L. Cramer

cc:  All Counsel of Record (*via ECF & email*)