

**NIXON PEABODY**

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Christopher M. Mason**
*Partner*
T 212-940-3017
cmason@nixonpeabody.com

437 Madison Avenue
New York, NY 10022-7039
212-940-3000

April 15, 2015

Honorable Ronald L. Ellis
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
Courtroom #11C
500 Pearl Street
New York, New York 10007-1312

*Maxon Hyundai Mazda*, et al. v. *Carfax, Inc.*,
No. 13-cv-2680

Dear Judge Ellis:

We represent Defendant Carfax, Inc. ("Carfax"). Four weeks ago, we noted that not a single one of the 469 alleged used car dealers in this case had provided even a single sworn answer to interrogatories that were due from them months before. But instead of remedying this or any of the other issues noted in Carfax's March 19, 2015 letter [Dkt. 69] requesting the upcoming discovery conference, Plaintiffs' April 9, 2015 letter [Dkt. 78] to Your Honor now asserts that Carfax has wrongly refused "to produce documents or information in response to a number of Plaintiffs' Requests for Production ('RFP') and Interrogatories for the period of time relevant to this case." That supposed "period of time" is over 18 years long, even though the statute of limitations for Plaintiffs' claims is four years. *See* 15 U.S.C.A. § 15b (West 2015).

Plaintiffs "bear[] the burden of initially showing relevance" with respect to this extraordinary request (just as they would for any normal discovery request). *Mandell v. Maxon Co.*, No. 06-460, 2007 U.S. Dist. LEXIS 99238, at *1 (S.D.N.Y. Oct. 16, 2007); *see also Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010); *accord Nunez v. City of New York*, No. 11-5845, 2013 U.S. Dist. LEXIS 70812, at *7-8 (S.D.N.Y. May 17, 2013). That means "'it is incumbent upon'" them "'to provide the necessary connection between the discovery sought and the claims or defenses asserted in the case.'" *United States ex rel. Kester v. Novartis Pharm. Corp.*, No. 11-8196, 2014 U.S. Dist. LEXIS 164222, at *12 (S.D.N.Y. Nov. 24, 2014) (quoting *287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-976, 2012 U.S. Dist. LEXIS 72855, at *4 (E.D.N.Y. May 24, 2012)). Only after relevance is shown does the burden shift "to the responding party to justify curtailing discovery." *Trilegiant Corp.*, 272 F.R.D. at 363. So far Plaintiffs have not made that showing.

4851-2788-9443.9

Honorable Ronald L. Ellis
April 15, 2015
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

The discovery requests to which Plaintiffs wish to apply an almost two-decade search period seek information about nearly every aspect of Carfax's business, including all of its agreements with any automobile manufacturer, automobile dealer, or website concerning the publication, provision, or sale of vehicle history reports ("VHRs") (RFP No. 7); the officers involved in those agreements (Interrogatory No. 1); any efforts by Carfax to enforce compliance with those agreements (Interrogatory No. 7); detailed transactional sales data (RFP No. 8); Carfax's costs for providing VHRs by month (RFP No. 9); Carfax's profit and loss, revenues, costs, gross profits, and operating profits, generally and for VHRs (RFP No. 10 and Interrogatories Nos. 4-5); gross revenue from VHRs (Interrogatory No. 4); discounts, fees, rebates, payments, financial incentives, or any other form of marketing support offered by Carfax and Carfax's competitors (RFP Nos. 11-13 and Interrogatory No. 6); Carfax's pricing policies (RFP No. 14); the actual or potential share of total sales of VHRs by Carfax and its competitors (RFP No. 17 and Interrogatories Nos. 2-3); and VHR exemplars (RFP No. 26). This is undeniably *very* broad.

Carfax has nonetheless been willing to produce documents responsive to these requests. For example, it has already produced its key internal financial information from 2008 through 2014, and all of the relevant contracts from 2008 through 2014 with automobile manufacturers and the two websites at issue. While it is highly doubtful that even those contracts—which are the central focus of Plaintiffs' claims within the statute of limitations—are relevant back to 1997, Carfax has even agreed to produce them for the entire 18-year period demanded, to the extent they exist. This was in part a compromise to try to resolve this issue, and in part because Judge Nathan noted last year that the contracts already "provided by Defendant tend to undermine Plaintiff's claims about the length of the average exclusive-dealing contract. . . . If discovery shows that" either those contracts are a complete set, or that any missing ones are similar, "it may well be the case that Plaintiffs cannot show enough market foreclosure to demonstrate a violation of the Sherman Act." *Maxon Hyundai Mazda v. Carfax, Inc.*, No. 13-cv-2680, 2014 U.S. Dist. LEXIS 139480, at *253-54 (S.D.N.Y. Sept. 29, 2014); *accord id.* at *267 ("The requisite anticompetitive action alleged in the Complaint is the formation of exclusive dealing contracts that foreclose a significant share of the market. . . . the documents provided by Defendant, if they prove complete or substantially similar to the other documents that form part of Plaintiff's allegations, could undermine any finding of an antitrust violation . . . .").

Instead of offering any proof that their extraordinarily long discovery request period involves relevant information beyond these contracts, however, Plaintiffs have simply cited various cases in which courts permitted discovery for some time period preceding a statutory limitation. As even those cases state, however, any such time period must be "reasonable." *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y. 1982) (quoting *Quonset Real Estate Corp. v. Paramount Film Distr. Corp.*, 50 F.R.D. 240, 241 (S.D.N.Y. 1970)); *Maritime Cinema Serv. Corp. v. Movies En Route, Inc.*, 60 F.R.D. 587, 591 (S.D.N.Y. 1973). Furthermore, the requesting party must still first meet its burden of showing relevance. As noted in *Oppenheimer Fund v. Sanders*, "it is proper to deny discovery of matter that is relevant only . . . to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." 437 U.S. 340, 352 (1978) (citation and footnotes omitted)).

Honorable Ronald L. Ellis
April 15, 2015
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Plaintiffs try to address this at page 3 of their letter by arguing that widespread document discovery for an 18-year period is relevant to showing "whether, when, and why Carfax began to engage in its anticompetitive scheme", "how Carfax carried out or maintained that scheme", the effects of the scheme, and specific intent to monopolize. But such generalized and conclusory statements cannot satisfy Plaintiffs' burden of "provid[ing] the necessary connection between the discovery sought and the claims or defenses asserted in the case.'" *Kester*, 2014 U.S. Dist. LEXIS 164222, at *12 (quoting *287 Franklin Ave. Residents' Ass'n*, 2012 U.S. Dist. LEXIS 72855, at *4). It is far from obvious, for example, how 18-year-old VHR cost data is relevant to Plaintiffs' claims, which "depend[] first on the existence of these agreements [with automobile manufacturers and the two websites], and second on the agreements containing the pricing, duration, exclusivity, and non-termination terms contained in the Complaint . . . ." *Maxon*, 2014 U.S. Dist. LEXIS 139480, at *238 (emphasis added). The mass of additional documents Plaintiffs want to force Carfax to review and produce would not seem to have such relevance. *Cf., e.g., City of New York v. Group Health, Inc.*, No. 06-13122, 2007 U.S. Dist. LEXIS 29937, at *5-10 (S.D.N.Y. Apr. 20, 2007) (Ellis, J.) (rejecting discovery not shown to be relevant to the ultimate issues in the case).

Finally, even if Plaintiffs could show the relevance of the old documents they now demand, this would have to be "balanced against 'the burden or expense of the proposed discovery.'" *Trilegiant Corp.*, 272 F.R.D. at 366 (citing Fed. R. Civ. P. 26(b)(2)(C)). A court "*must* limit the frequency or extent of discovery" where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added). Carfax has collected approximately two terabytes of data to date. Even after restricting the relevant time period to January 1, 2008 forward, and applying a few limited restrictions, Carfax still has 955 gigabytes, or approximately 3.5 million documents, to review. A team of 35 full-time contract attorneys has been doing so for three months, and their work will take at least another six months, at an expected cost of over $1.6 million. Expanding this task by more than a decade would outweigh any possible benefits. *See Prof'l Adjusting Sys., Inc. v. Gen. Adjustment Bureau, Inc.*, 373 F. Supp. 1225, 1227-28 (S.D.N.Y. 1974) (rejecting request for information going back 20 years due to the "burdens which such extensive discovery would entail"). As one court put it many years ago, even if some evidence prior to a statutory period is relevant, "[n]evertheless, it would be unreasonable to give plaintiff a virtually unlimited license to rove at will through the past." *Austin Theatre, Inc. v. Warner Bros. Pictures, Inc.*, 30 F.R.D. 156, 157 (S.D.N.Y. 1958) (refusing to permit discovery going back 23 years). Your Honor should reject any request for such a license here.

Respectfully,

Christopher M. Mason

Honorable Ronald L. Ellis
April 15, 2015
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

cc:   Fredric C. Nelson, Esq.
      Eric L. Cramer, Esq.
      David A. Langer, Esq.