

NIXON
PEABODY

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Christopher M. Mason**
*Partner*
T 212-940-3017
cmason@nixonpeabody.com

437 Madison Avenue
New York, NY  10022-7039
212-940-3000

April 24, 2015

Honorable Ronald L. Ellis
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
Courtroom #11C
500 Pearl Street
New York, New York 10007-1312

*Maxon Hyundai Mazda, et al. v. Carfax, Inc.*
No. 13-cv-2680

Dear Judge Ellis:

We represent Defendant Carfax, Inc. ("Carfax").  This is a joint letter submitted on behalf of
both Plaintiffs and Carfax pursuant to Your Honor's directive at the status conference held on
April 16, 2015.

The parties have conferred several times since that conference to narrow the seven categories of
discovery disputes detailed in Carfax's pre-motion letter of March 19, 2015, Plaintiffs'
responses of March 24, 2015, Plaintiffs' letter motion of April 9, 2015 and Carfax's response of
April 15, 2015 and also to resolve the outstanding dispute over Plaintiffs' anticipated responses
to Carfax's first set of interrogatories.

**Matters not Requiring Judicial Attention**

As a result of the parties' recent discussions, four of the seven document disputes covered by
those letters, along with Plaintiffs' response to Carfax's interrogatories, do not need judicial
attention at this time.  The four categories are:

1.    *Objections to production regarding VIN information.*

Carfax document request No. 20 seeks documents sufficient to show the total number of unique
vehicle identification numbers ("VINs") for which each Plaintiff purchased or obtained a
vehicle history report (a "VHR").  Plaintiffs initially objected to the request on breadth, burden,
and relevance grounds.  After further discussion, Plaintiffs have agreed to search for and

Honorable Ronald L. Ellis
April 24, 2015
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

produce, to the extent they exist, documents sufficient to show (monthly and yearly, again to the extent they exist) the total number of each brand of VHR purchased or obtained by each Plaintiff.  This appears to resolve this issue.

2.      *Objections to production based on future expert testimony.*

In connection with Carfax document requests Nos. 14, 30, 31, 37, 52, 53, 75, 118-20, 125, 129, 140, and 142, Plaintiffs have objected in part on the grounds that the "[r]equest seeks the disclosure of information that may or will be the subject of expert reports and testimony[.]" Based on the representation by Plaintiffs' counsel that there is no document of which they are aware that will be withheld on the basis of this objection alone and that Plaintiffs will not later take the position that any documents provided to Plaintiffs' experts are not subject to production on the basis of this objection, Carfax has agreed to defer this issue for the time being.

3.      *Objections to production regarding statements made in the Second Amended Complaint.*

Carfax document requests Nos. 30, 31, 37, 75, 118-120, 124, 125, 140, and 142 include demands for documents based on allegations from the Second Amended Complaint.  For a number of these requests, Plaintiffs either objected in full or objected but agreed to produce the specific documents relied upon in drafting the particular phrase quoted.  *See* Plaintiffs' responses to requests Nos. 30, 31, 37, 75, 118-20.  For others, Plaintiffs objected on the grounds, among others, that the requests "call for Plaintiffs to interpret a legal argument" or draw a legal conclusion in order to answer the request.  *See* Plaintiffs' responses to requests Nos. 37, 121, 124-25, 140, and 142.  The parties have agreed to defer further discussion on these objections until additional discovery has occurred.

4.      *Objections to production related to Dealer Management Software.*

Carfax document request No. 18 seeks documents related to software used by Plaintiffs to manage and track elements of their businesses, such as purchases and sales of vehicles, various costs (such as advertising and VHRs), inventory, and other similar information.  Plaintiffs have objected to this request on the ground that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and further note that the parties disagree as to the nature, scope and content of the varying DMS systems dealers may (or may not) utilize.  For these reasons, and others, Plaintiffs have refused to produce documents responsive to this request. The parties have agreed to defer further discussion on these objections until additional discovery has occurred.

In addition to the disputed document requests, at the urging of the Court, the parties have also discussed the dispute over Plaintiffs anticipated responses to the First Interrogatories to All Plaintiffs by Defendant Carfax, Inc., dated December 30, 2014. Plaintiffs have identified to Carfax in writing those of Carfax's interrogatories Plaintiffs intend to provide responses to, either in whole or in part.  Plaintiffs have committed to begin providing substantive, sworn answers on a rolling basis beginning on or before the week of May 11, 2015.  The parties can

Honorable Ronald L. Ellis
April 24, 2015
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

address concerns about any remaining objections to the interrogatories after substantive answers have been provided under this initial agreement.


## Matters Requiring Judicial Attention

On three of the seven original disputes, the parties still need the Court's intervention now. These disputes are:

1.    *Objections to production of pre-2008 material.*

In Plaintiffs' requests for production and interrogatories, Plaintiffs sought information pertaining to Carfax's alleged exclusive dealing contracts in violation of Section 1 and Section 2 of the Sherman Act for the period 1997-present, or one year before Carfax allegedly entered into the first alleged exclusive contract. Plaintiffs contend that these discovery requests seek information relevant to Carfax's alleged exclusionary conduct and intentions, including transactional sales data, information on the agreements at issue, documents regarding their negotiation, efforts to enforce the alleged exclusivity provisions therein, pricing, revenue, costs, marketing support, and the economic effect of the agreements on market share, sales and prices, among other topics. Carfax has agreed to search for agreements going back to 1998, but has otherwise objected to this time frame and advised that it would limit production to the period of January 1, 2008 to the present.

This issue remains in dispute, and Plaintiffs intend to present it to the Court consistent with the proposed briefing schedule discussed below. The parties, however, are engaged in active discussions in an attempt to reach a workable solution. In the event the parties reach an agreement to resolve this issue, they will promptly alert the Court that a resolution has been reached and Plaintiffs will withdraw their motion.

2.    *Objections to production based on pricing and financial information.*

Carfax document requests Nos. 23, 24-29, 32, and 123 seek certain information from each Plaintiff related to Plaintiffs' auto sales, auto prices, and other financial information. In response, Plaintiffs have agreed to produce, of the documents requested, those documents concerning each Plaintiff's purchases of VHRs, including the prices paid for VHRs, as well as those concerning advertising requirements imposed by any auto manufacturer on Plaintiffs concerning the purchase or use of VHRs. Plaintiffs, however, have objected to searching for or producing documents concerning Plaintiffs' auto sales, profits on such sales, and other financial information. Plaintiffs object to those requests on grounds of relevance and that these requests are not reasonably calculated to lead to the discovery of admissible evidence and on the ground of burden. In particular, Plaintiffs maintain that Carfax's requests improperly seek "downstream" financial information in what Plaintiffs claim is in contravention of long-standing antitrust jurisprudence barring such "downstream" discovery in analogous antitrust cases. The

Honorable Ronald L. Ellis
April 24, 2015
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

parties did not reach agreement and this issue will need to be briefed and submitted to the Court for resolution.

3.      *Objections to production of solicitations and retainer agreements.*

Carfax document requests Nos. 35 and 36 seek advertisements or solicitations for legal services in this action, as well as retainer or proposed retainer agreements for legal services. The parties have agreed to defer the issue of retainer agreements based on the representation by Plaintiffs' counsel that no such agreements with any Plaintiff contains any statement about damages calculations, any statement about the relevant market at issue (including its size, composition, or Carfax's alleged share), or any statement about competitors of Carfax. With respect to the production of solicitations and advertisements for legal services in this action, the parties did not reach agreement and this issue will need to be briefed and submitted to the Court for resolution.

**Procedure**

With respect to the three outstanding disputes noted above, the parties agree to briefs, all double sided, of no more than 15 pages for Plaintiffs' brief on their one issue and no more than 20 pages for Carfax's brief on its two issues, each, exclusive of any supporting materials, to be submitted on or before May 8, 2015; a response by Plaintiffs or no more than 20 pages and a response by Carfax of no more than 15 pages, to be submitted on or before May 20, 2015; and a reply by the moving party, in each instance, of not more than 10 pages to be submitted on or before May 27, 2015.

Respectfully,

Christopher M. Mason

cc:     Eric L. Cramer, Esq.
        David A. Langer, Esq.
        Fredric C. Nelson, Esq.

4842-9691-1651.9